STATE OF NORTH CAROLINA *v.* NORRIS EARL FRANCIS, JR., A. O. DAVIS, VIOLA GARRIS, JOSEPH SAMUEL BROWN, MATTHEW LEWIS, JR., WILLIE M. FRANCIS, PHYLLIS MARIE BALLANCE, LAURA FRANCES WALTON, WILLIE FRANCIS, COLIN MINGA, COLBERT MINGA, CHARLES ODEN, VIVIAN THORNTON, CLARENCE OWENS, ETHEL GREGORY, JOSEPH S. BROWN, BARBARA JORDAN, VERNELLE BAILEY, BARBARA FEARING, DOROTHY LASHLEY, ERVIN FRANCIS, GILBERT CLARK, BRENDA ANDERSON, FREDERICK TAYLOR, EDWARD BRACEY, JR., VIRGINIA WHITEHURST, LUBERTHA SMITH, DORIS BELL AND MAUDE L. SYKES.

(Filed 26 February 1964.)

**Criminal Law § 17—**

The filing in the U. S. District Court and in the State court, with notice to the solicitor, of a petition to remove a prosecution from the Superior Court to the United States District Court, effects the removal, and the State court is thereafter without jurisdiction to proceed further in the case unless and until it is remanded by the United States District Court. 28 U.S.C. 1441-1450.

APPEALS by Norris Earl Francis, Jr., Colin Minga and Colbert Minga from *Morris, J.,* November, 1963 Session of PASQUOTANK.

A Criminal Session of the Superior Court of Pasquotank County convened on the 11th of November, 1963. The Grand Jury returned a true bill charging Willie Francis with trespassing on the property of O. B. Wilkinson after being forbidden, a misdemeanor punishable by fine or imprisonment in the discretion of the Court, G.S. 14-134 as amended in 1963. Identical bills were returned charging defendants Minga with identical crimes. (The names of appellants stated in the opening paragraph are as listed by counsel for appellants. The record does not disclose that Norris Earl Francis, Jr. has been charged with commission of a crime, or that he has been tried, or that any judgment has been rendered from which he could appeal.) The record does not disclose the date the bills were found. The record does not show criminal charges against any of

those named in the caption except Willie Francis, Colin Minga and Colbert Minga. The cases were consolidated. Defendants were put on trial on 13 November 1963. The jury found each guilty. Prison sentences were imposed.

*Attorney General Bruton and Assistant Attorney General Moody for the State.*

*W. G. Pearson, II, and C. C. Malone, Jr., for defendants.*

RODMAN, J.   The case on appeal agreed to by solicitor has this statement:

"Prior to the calling of these cases for trial on the 13th day of November, 1963, at 8:40 A.M., Attorneys for the defendants herein, filed with the Clerk of the Elizabeth City Division of the United States District Court for the Eastern District of North Carolina a petition for the removal of these prosecutions from the Superior Court of Pasquotank County to the United States District Court for the Eastern District of North Carolina, as provided in 28 U.S. Code 1441-1450, a copy of which Petition is hereto attached and incorporated by reference as though fully set out in this paragraph. At 8:55 A.M., the same day, a copy of said petition was served upon the Clerk of the Superior Court of Pasquotank County, and a copy of same delivered to the Solicitor of the Superior Court of Pasquotank County, the Honorable Walter W. Cohoon, in compliance with 28 U.S. Code 1446. A copy of the petition was given to the Court, who, after reading the petition, stated 'MOTION DENIED'."

The petition to which reference is made in the preceding paragraph is entitled "PETITION TO REMOVE STATE PROSECUTION TO FEDERAL DISTRICT COURT, 28 U.S. Code 1441-1450." The petition to remove alleges: Defendants are Negroes; the interpretation which this Court has placed on G.S. 14-134 renders the statute unconstitutional when applied to a Negro.

Prior to 1 September 1948, a defendant, seeking to remove a case from a state court to a federal court, filed his petition for removal in the state court unless he based his right to remove on prejudice or local influence, 36 Stat. 1095 (formerly 28 U.S.C.A. 72.) The court, in which the petition was filed, had jurisdiction to decide whether a removable cause was stated. An erroneous conclusion could be corrected by appeal.

Congress, by statute effective 1 September 1948, 62 U.S. Statutes at Large 992, made many changes in the Judicial Code. Since 1 September 1948, a defendant seeking to move a criminal prosecution from a state

court to the federal court must file, in the Division of the U. S. District Court in which the action is pending, a verified statement of the facts which entitle him to have the case tried in the federal court. This he may do "at any time before trial." 28 U.S.C.A. § 1446 (c). Promptly after the filing of the petition, defendant must give notice to all adverse parties "and shall file a copy of the petition with the clerk of such state court which shall effect the removal and the state court shall proceed no further unless and until the case is remanded." 28 U.S.C.A. § 1446 (e).

The language of the statute is too plain to require interpretation. Removal is accomplished by filing a petition in the district court, giving notice to the adverse party, and filing of a copy of the petition in the state court. *Levine v. Lacy*, 130 S.E. 2d 443 (Va.); *Hopson v. North American Insurance Company*, 233 P. 2d 799, 25 A.L.R. 2d 1040 (Idaho); *State of Louisiana v. National Association for the Advancement of Colored People*, 90 So. 2d 884 (La.); *Bean v. Clark*, 85 So. 2d 588 (Miss.); *Consolidated Underwriters v. McCauley*, 320 S.W. 2d 60 (Texas); *Lowe v. Jacobs*, 243 Fed. 432; *Adair Pipeline Company v. Pipeliners Local Union No. 798*, 203 F. Supp. 434.

The record shows defendants did those things enumerated in the statute as necessary for removal to the District Court. The Superior Court's jurisdiction terminated before appellants were tried. If the cases have been improperly removed, the error may be corrected by motion in the U. S. District Court. If and when the District Court remands, the Superior Court may try defendants on the charges in the bills of indictment.

The motion of defendants to arrest the judgments for want of jurisdiction should have been allowed.

Reversed.