STATE OF NORTH CAROLINA v. JIMMY AVERY PRICE

No. 7227SC449

(Filed 2 August 1972)

1. Criminal Law § 26— former jeopardy — trial by court without jurisdiction

A former conviction by a court without jurisdiction will not support a plea of former jeopardy.

2. Criminal Law § 138— severity of sentence imposed in second trial — no error

When a longer sentence is imposed against defendant in a second prosecution by the State than was imposed in the first prosecution for the same offense, defendant cannot complain of error where the court was without jurisdiction in the earlier trial and the judgment was a nullity.

APPEAL by defendant from *Judge Harry C. Martin*, 31 January 1972 Session of Superior Court held in GASTON County.

Defendant was convicted of felonious escape. Judgment imposing an active sentence of twenty-eight months was entered.

*Attorney General Robert Morgan by Assistant Attorney General Edward L. Eatman, Jr., for the State.*

*J. Ben Morrow for defendant appellant.*

VAUGHN, Judge.

Defendant contends that court erred in overruling his motion for dismissal upon his plea of former jeopardy. On 18 August 1971, while awaiting trial on the indictment for escape, defendant filed a petition in the District Court of the United States for the Western District of North Carolina seeking removal of the cause to that court pursuant to 28 U.S.C. 1443. a copy of the petition was filed with the Clerk of Gaston Superior Court.

On 7 October 1971, while the petition for removal was pending in the federal court, the State purported to try defendant and sentenced him to a term of two years.

No action was taken by the federal courts until 2 December 1971, at which time an order was entered remanding the cause and dismissing the petition for removal. The order also recited that " . . . the petition having been timely and properly filed, the state court had no jurisdiction to proceed further and its trial and conviction of the petitioner for felonious escape is void."

[1]   The present appeal arises from defendant's trial and conviction on 3 February 1972. The first question presented is whether the trial of defendant while his petition for removal was pending constitutes former jeopardy. Judge Martin was correct in ruling that it did not.

The proper filing of the motion to remove the prosecution from the Superior Court of Gaston County to the District Court of the United States for the Western District of North Carolina effected the removal and the state court was thereafter without jurisdiction to proceed until the cause was remanded by the federal court. *State v. Francis,* 261 N.C. 358, 134 S.E. 2d 681.

A former conviction by a court without jurisdiction will not support a plea of former jeopardy. *State v. Cooke, Wolfe, Simkins, Sturdivent, Murray, Herring,* 248 N.C. 485, 103 S.E. 2d 846.

[2]   In the trial from which the present appeal arises, the sentence imposed is greater than that imposed on 7 October 1971, while the petition for removal was pending. Defendant assigns this as error. The court was without jurisdiction in the earlier

---

---

trial and that judgment is a nullity. The imposition of a sentence of twenty-eight months in this, the first trial of defendant by a court having jurisdiction, was not error. The case of *North Carolina v. Pearce,* 395 U.S. 711, 23 L.Ed. 2d 656, 89 S.Ct. 2072, has no application. Defendant's remaining assignments of error have been considered and found to be without merit.

No error.

Judges PARKER and GRAHAM concur.