Per Curiam.

Tenant appeals from orders denying her motión to vacate default judgments granted in two nonpayment proceedings. She also seeks review of the underlying default judg *983 ments as well as the rejection of proffered counterclaims in a holdover proceeding also commenced by landlord. In view of the nature of the proceeding leading to the grant of default judgments, wherein tenant participated and all issues of liability and damages were considered, we have entertained all matters presented for review, notwithstanding the ordinary strictures of CPLB 5511 (cf. James v. Powell, 19 N Y 2d 249).
Upon commencement of the first nonpayment proceeding under review (Index No. L & T 41267/1971), tenant removed the action to the Federal District Court, Southern District of New York. It was remanded in mid-June, 1971, whereupon tenant challenged the validity of service. Tenant’s traverse was overruled after a hearing on June 23, 1971. Though technically in default in answering, tenant was afforded a week to submit an answer or move for leave to be assigned counsel and defend as a poor person — relief she had secured in an earlier nonpayment proceeding brought by this same landlord (see Hotel Martha Washington Mgt. Co. v. Swinick, 66 Misc 2d 833 [App. Term, 1st Dept.]). Tenant neither moved nor answered in the stated period but upon trial date demanded the appointment of counsel, declining to take any further steps until this was accomplished. One week later, the .trial court held a full hearing on tenant’s request and landlord’s cross application for judgment by default. Finding that this tenant was an experienced, knowledgeable and resourceful litigant, proven capable of submitting responsive pleadings (cf. Hotel Martha Washington Mgt. Co. v. Swinick, 67 Misc 2d 390), and finding further that tenant failed to proffer any meritorious defense for nonpayment of rent, the trial court properly denied tenant’s request and granted judgment by default. Upon moving to vacate this default judgment, tenant failed to establish any justifiable excuse for her default in answering or timely moving for poor person relief and failed to demonstrate any meritorious defense to the action. Declining to seek a stay of the judgment in this court, tenant suffered an eviction and the premises have been restored to landlord.
Upon the simultaneous commencement of the second nonpayment proceeding under review (Index No. L & T 48867/1971) and a holdover proceeding based upon undesirability, tenant removed both proceedings to Federal District Court. The nonpayment proceeding was remanded to Civil Court on July 1, 1971. The holdover proceeding was discontinued and a substitute holdover proceeding recommenced, which is the third proceeding here under review (Index No. 55150/1971). Both of these proceedings were scheduled for trial on July 1, 1971 and *984 combined with, the first nonpayment proceeding. Tenant made identical applications in these proceedings for assignment of counsel and leave to both defend and prosecute counterclaims as a poor person. These applications were considered together with landlord’s request for judgment by default in the same hearing, on July 9,1971, which disposed of the first nonpayment proceeding. With respect to the second nonpayment proceeding, the trial court denied tenant’s request and granted judgment by default. With respect to the holdover proceeding, the trial court severed the action, granted tenant leave to defend as a poor person, but denied the right to prosecute counterclaims under the same status, finding that identical counterclaims were asserted in two prior pending actions, one in Civil Court and one in Federal District Court. Upon tenant’s motion to vacate the default judgment in the second nonpayment proceeding, the lower court concurred in the trial court’s finding that tenant proffered no meritorious defenses and no valid excuse for her default.
Since we find that the judgment by default was properly granted in the first nonpayment proceeding and tenant has been evicted from the premises pursuant thereto, the further prosecution of a holdover proceeding seeking the same relief would be pointless. Accordingly, the holdover proceeding shall be dismissed as moot.
Tenant argues that the lower court erred in deeming her to be in default with respect to the nonpayment proceedings, since, once removed to Federal District Court, no proceedings in those actions (i.e., answering, moving for assignment of counsel or leave to defend as a poor person) were possible or permissible. It would appear that any proceedings taken between removal and remand are impermissible, even where removal is eventually found to be unwarranted (see, e.g., State of South Carolina v. Moore, 447 F. 2d 1067, 1073 and cases cited therein). Thus, tenant is technically correct in complaining of the conduct of certain Civil Court proceedings prior to formal remand. However, most of the challenged actions, involving calendar proceedings and adjournment of trial dates, were generated by procedures designed for orderly administration of court business and affected no substantive rights of tenant. Tenant has failed to demonstrate that she has suffered any substantial prejudice thereby and we find the errors to be harmless. The granting of a default judgment in the first nonpayment proceeding did not occur until long after remand, until after a traverse hearing, and until after tenant had failed to take appropriate action within the- additional time period afforded by the court. *985 Tenant was not denied the right to defend as a poor person in that proceeding; she defaulted in seeking to do so, without valid excuse.
The hearing on tenant’s request to proceed as a poor person in the second nonpayment proceeding ijas not held until after there had been a formal remand of that action. The fact that tenant was in default and without assigned counsel at the time of that hearing, was the result of her own knowing, calculated actions. Tenant acknowledged in her removal petitions that she was aware that in Civil Court she was bound to serve an answer within the time limits prescribed by subdivision 2 of section 732 of the Real Property Actions and Proceedings Law. Indeed, one of her purposes in removing was to avoid this requirement. Tenant also demonstrates on this appeal her knowledge that removal would preclude any further proceedings on her part in Civil Court, e.g., to secure assigned counsel. Indeed, she attempted successfully to have counsel appointed by the Federa] court, in her removed proceedings. Having elected to so proceed, tenant became bound by the Federal rules with respect to joinder of issue. Subdivision (,c) of rule 81 of the Federal Rules of Civil Procedure requires a defendant in a removed action to file an answer within 20 days after service of the summons and complaint in the State court action which has been removed. Clearly, tenant was in default under this rule. Moreover, tenant’s belated contention that she lacked the ability to serve an answer without the aid of counsel is belied by the fact that in the prior nonpayment proceeding between these parties which reached this court, tenant pro se served a 23-page answer containing a general denial, 18 separately stated affirmative defenses, and 9 counterclaims.
Under all the circumstances presented, the denial of tenant’s requests with respect to the second nonpayment proceeding was also proper, as was the grant of judgment by default. Likewise, the lower court properly denied tenant’s motion for vacation of her default, since neither a meritorious defense to the action nor a valid excuse for the default was presented.
Orders of August 10, 1971, denying tenant’s motion to open default judgments in proceedings bearing Index Nos. 41267/1971 and 48867/1971 affirmed without costs.
Order of July 26,1971 and final judgments entered thereon on July 28, 1971 modified to the extent of dismissing the holdover proceeding bearing Index No. 55150/1971, as moot, and as modified, affirmed without costs.
Concur — Street, J. P., Goud and Quinn, JJ.