The appellant appeals his conviction of contempt of court by the Circuit Court of Escambia County for failure to appear in court on January 30, 1975, February 17, 1975 and April 30, 1975. We affirm.
Appellant, a lawyer, has his law office in Birmingham and also is a member of the Alabama Legislature. On January 15, 1975 appellant was to appear as counsel for one Frank X. Moore at a habeas corpus hearing in Escambia County Circuit Court. Jackson did not appear although he admits having requested that the hearing be held on that day. His excuse for his absence was a "conflicting schedule which had not been contemplated." The hearing was rescheduled for January 30, 1975. Appellant states that he failed to appear on the January date because he was in attendance at an Extraordinary Session of the Alabama Legislature. The record does not reveal that he notified the circuit court of his legislative duties although the appellant contended in argument that he had done so. The hearing was set again, this time for February 17, 1975. On February 14, he filed a removal petition pursuant to 28 U.S.C. § 1441, notified the State Attorney General's Office of the removal by letter dated February 15, 1975, and sent a copy of this notification to the Escambia County Circuit Court which was received on February 17, the date set for the hearing. The appellant contends that due to the removal petition the circuit court held no jurisdiction over the Moore case on February 17 although he admits what the record shows, that the letter notifying the Escambia County Circuit Court of the transfer was received by the clerk after the petition was filed and on the day set for the habeas corpus hearing.
On February 19, the circuit court issued a show cause order directed to the appellant to show why he should not be held in contempt for failing to appear in court as Moore's counsel. The show cause hearing was continued until April 30, 1975. The appellant arrived at the April 30 hearing over three hours late because he chose to fly from Birmingham to Mobile, rent a car and drive on to Brewton. In the course of driving to Brewton he became lost, therefore, he arrived long after the court proceeding was scheduled. During his show cause hearing appellant contended that upon his arrival in Mobile he notified the Escambia County Circuit Clerk's office that he would arrive tardily. After this hearing, the Court found appellant in contempt of court for failing to appear on January 30, February 17, and for failing to appear at the time set on April 30.
Appellant raises three propositions of law to support his appeal. First, he insists that a lawyer-legislator is vested by statute with limited immunity from citation for contempt when in the performance of legislative functions. Alabama Code, Tit. 32, § 11 (1). Second, he contends that a state citation of contempt for failure to appear is invalid where the issuing state court has been divested of jurisdiction of the parties by the filing of a removal petition in federal court, and that by virtue of this suspension of jurisdiction over the parties, the state court loses power over the lawyer for the petitioner and the alleged contemnor. Finally, he maintains that prima facie
contempt is not shown where a foreign counsel is tardy due to unfamiliarity with the terrain and has notified the court of his expected late arrival. No authority is cited in support of the two latter propositions.
Alabama Code, Tit. 32, § 11 (1) provides:
 "Members of the legislature of Alabama shall in all cases, except treason, felony and breach of the peace be privileged from arrest and shall not be subject to service of any summons, citation or other civil process during their attendance *Page 1283 
at the session of their respective houses and in going to and returning from the same.
 "Whoever knowingly and willfully denies to any member of the legislature the privilege and immunity granted herein is guilty of a misdemeanor and upon conviction shall be punished by fine not exceeding one thousand dollars or by imprisonment for not more than one year, or both."
It is the appellant's contention that this statute makes him immune to the contempt charges cited by the trial court. However, after diligent search of the record, we find no evidence that he attempted to invoke the privilege provided by this section. Therefore, even though it does not appear that anyone attempted to serve him with process during his legislative service, as the statute plainly requires, his failure to claim his alleged privilege removes the appellant's first proposition from our consideration. It is analogous to the privilege of exemption from jury duty conferred in AlabamaCode, Tit. 30, § 3. This applies only if the person falling within the privileged category desires to avail himself of the privilege. Reports of the Attorney General, 1926-28, p. 740. Because the record fails to reveal that he notified the court of his membership in the legislature or of his attendance at the legislative session on January 30, 1976, either prior to or subsequent to his citation for contempt by the trial court, the appellant cannot attempt to invoke the privilege, if any, for the first time on appeal.
As an excuse for his February 17 absence, appellant relies on his second proposition, that the state citation was invalid because the state court had been divested of jurisdiction by the filing of the removal petition in the federal court, and that by virtue of this divestiture of jurisdiction, the state court lost power over the attorney for the petitioner.
The removal petition was filed pursuant to 28 U.S.C. § 1443. Section 1446 of that title sets out the procedure for removal and provides that a copy of the petition shall be filed with the clerk of the state court, "which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." (Sec. 1446 (e)). It is not clear from the record that a copy of the petition was filed by the petitioner with the clerk of the state court. The appellant asserts in brief that he mailed a letter to the Attorney General stating that a petition for removal had been filed in the federal court and sent a copy of that letter to the state court clerk. We need not decide whether that was sufficient compliance with Sec. 1446 (e), nor do we need to decide, assuming that it was sufficient, whether this divested the state court of power to cite the appellant for contempt. For it is undisputed that the federal court remanded the case to the state court on April 11, 1975. It is also clear that the trial court found the appellant in contempt of court for failing to appear at the prescribed time on April 30, 1975.
In defense of his April 30th absence, appellant asserts thatprima facie contempt is not shown when a foreign (as opposed to local) counsel is tardy due to unfamiliarity with the terrain and has notified the court of his expected late arrival. There is no other evidence in the record of any notice to the judge of his probable tardiness. Moreover, this is a matter which was fully explored in his contempt hearing, and which was decided adversely to Jackson whose conduct was found by the trial court as falling within the lines of behavior which are punishable by the court:
". . .
 "Disrespectful, contemptuous, or insolvent behavior in court, tending in anywise to diminish or impair the respect due judicial tribunals, or to interrupt the due course of trial." (Alabama Code, Tit. 13, § 2 (Recomp. 1958.))
". . ."
Considering the human effort and monetary expense involved in arranging courtroom hearings, the least a court may expect from its officers is appearance on schedule and full preparation for the dispatch of *Page 1284 
court business. If conflicts in scheduling arise, prompt, considerate notice to the judge should be provided so that those in attendance may not be unnecessarily inconvenienced and the business of the court may continue without interruption. Indeed, a court, in furtherance of justice, is given power to control the conduct of its officers in connection with a judicial proceeding before it. Alabama Code, Tit. 13, § 4 (Recomp. 1958). Failure to attend to these minimal professional obligations to the court may subject the lawyer to summary punishment procedures should they be found to have occurred in a disrespectful or contemptuous manner.
Under the circumstances of this case the trial court, after a full hearing according due process to the appellant, has determined that his conduct was contemptuous and disrespectful. In order to maintain the respect due it the court found it necessary to punish the appellant. On the record we cannot state that the trial court was in error.
We affirm the findings of contempt for January 30 and April 30. Because we cannot know whether the trial court would have determined to impose the sentences which were imposed, absent the instance of February 17, we grant leave to the petitioner to seek from the Circuit Court of Escambia County a reduction in the punishment imposed.
AFFIRMED, WITH LEAVE.
HEFLIN, C.J., and MADDOX, JONES and SHORES, JJ., concur.