STATE OF NEBRASKA, APPELLEE, V. JAMES K. LEHMAN, APPELLANT.

278 N. W. 2d 610

Filed May 8, 1979. No. 42209.

James K. Lehman, pro se.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

Defendant was charged in an information alleging that he did "willfully attempt to evade an income tax imposed by the provisions of Secs. 77-27,101 to 77-27,135 R. R. S. [1943] or the payment thereof." He was tried by a jury, convicted, and "sentenced to serve a term of 30 days in the Nebraska State Penitentiary located near Lincoln, Nebraska, and pay a fine of $500.00 and costs of this action."

It should be noted at the outset that defendant proceeded pro se both in the trial court and on appeal. This in spite of the fact that at every point in the proceedings, the trial court diligently, earnestly, and painstakingly pointed out his right to counsel and

willingness to appoint counsel at public expense if defendant could not afford his own attorney. Defendant refused these offers but insisted that he have the assistance of what he called "counsel of trust," laymen who were self-styled experts. This request was denied by the trial judge, but, in a remarkable display of patience and fairness, he permitted defendant to have a nonlawyer sit next to him during the trial to counsel with defendant but who could not participate in the conduct of the trial. At this point, it would be appropriate to mention that at all stages of the trial, with few minor exceptions, the defendant refused to participate in the trial proceedings although he was present and, apparently without disturbance, objected to the jurisdiction and authority of the court over the subject matter and of his person.

Defendant's assignments of error, allowing him some measure of literary license and applying liberal standards of interpretation, are that the arrest warrant was issued without oath, affirmation, or probable cause; that the preliminary hearing held preceding the filing of the information failed to establish probable cause; that the information was served without the names of witnesses being endorsed thereon; that the trial judge violated Article V, section 14, Constitution of Nebraska, which prohibits a judge from practicing law, when he instructed the county attorney to endorse the names of the witnesses on the amended information; that defendant was entitled to a grand jury indictment; and that the trial court was without jurisdiction to commence the trial on May 1, 1978, because the case had been removed to federal court.

At the outset, the State reminds us that this court ordinarily will not consider any error not presented to the trial court by a motion for a new trial. This is a correct statement of the law as set forth in State v. Price, 198 Neb. 229, 252 N. W. 2d 165 (1977). "How-

ever, while this court may have jurisdiction, it will ordinarily not consider any error not presented to the trial court by a motion for a new trial if the trial court would have authority to correct the error assigned.'' However, all of defendant's complaints go to jurisdiction, which we will always consider even though it may not have been presented to and passed upon by the trial court. ''This court has often held that: *'Except where jurisdiction is involved*, this court will consider on appeal only questions which have been presented to and passed upon by the trial court.' '' (Emphasis supplied.) Sleezer v. Lang, 170 Neb. 239, 102 N. W. 2d 435 (1960).

Most of the assignments of error border on the frivolous, but will be dealt with as precisely as possible. Defendant claims that the arrest warrant was issued without oath, affirmation, or probable cause. The Fourth Amendment of the Constitution does provide that: ''The right of the people to be secure in their persons * * * against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon *probable cause, supported by Oath or affirmation*, and particularly describing * * * the person * * * to be seized.'' (Emphasis supplied.) A similar contention was made in Ocampo v. United States, 234 U. S. 91, 34 S. Ct. 712, 58 L. Ed. 1231 (1914), and was answered by the court as follows: ''Consequently, a preliminary investigation conducted by the prosecuting attorney of the City of Manila, under Act No. 612, and upon which he files a sworn information against the party accused, is a sufficient compliance with the requirement 'that no warrant shall issue but upon probable cause, supported by oath or affirmation.' '' The complaint filed with the county attorney contained an allegation by the deputy county attorney that defendant had violated a particular specified statute and the complaint was accompanied by an affidavit under oath, made by the same official, that he had been in-

formed by a particular official of the Nebraska Department of Revenue that defendant had committed certain acts which, it is obvious, constituted the crime charged. Such an affidavit furnishes probable cause and under the provisions of section 29-404, R. R. S. 1943, the magistrate was required to issue the warrant.

There is no transcript in the record of the evidence given at the preliminary hearing. Therefore, the order of the county judge finding probable cause and binding over the defendant to District Court will be presumed valid. In any event, the fact that defendant was found guilty by a jury on sufficient evidence settled the issue of probable cause. "We reiterate our previously established rule that the sufficiency of the evidence at a preliminary hearing may be raised only by a plea in abatement filed in the criminal proceeding in the District Court. We further hold that after trial and conviction in the District Court any error in the ruling of the District Court on the plea in abatement is cured if the evidence at trial is sufficient to permit the jury to find guilt beyond a reasonable doubt." State v. Franklin, 194 Neb. 630, 234 N. W. 2d 610 (1975).

Whatever failure there was to endorse the names of witnesses on the information was rectified by the later endorsement with leave of the court at least 3 weeks before the beginning of the trial. In addition, through pretrial discovery and conference, defendant knew well in advance of the trial not only the names of the witnesses, but had in his possession a summary of their testimony as required by the trial judge. "A trial court may, in the exercise of its discretion, permit the names of witnesses to be endorsed upon an information before or after the trial has begun when there is no showing of prejudice * * *." State v. Waite, 169 Neb. 113, 98 N. W. 2d 688 (1959). Certainly there was no prejudice to the de-

fendant and the trial judge acted well within his discretion.

There is nothing in the record to indicate the trial judge instructed the county attorney to endorse the names of witnesses on the information. That portion of the record, cited by defendant in his brief in support of such a claim, is as follows: "THE COURT: Now, these two cases are C1533 and C1534 and I understand amended Informations are to be filed. MR. SMITH: I have them ready, Your Honor, and I did endorse the names of the witness [sic] thereon." This was testimony in the companion cases of State v. Forbes, *post* p. 349, 278 N. W. 2d 615, and not the instant case. However, even if the trial judge would have directed the county attorney to endorse the names of witnesses on an information, that would comprise part of his duties in the conduct of judicial proceedings and certainly does not constitute the practice of law.

Indictment by grand jury is not required in the State of Nebraska. Section 29-1601, R. R. S. 1943, provides in part as follows: "The several courts of this state shall possess and may exercise the same power and jurisdiction to hear, try and determine prosecutions upon information, for crimes, * * *." In Jackson v. Olson, 146 Neb. 885, 22 N. W. 2d 124 (1946), this court said: "The Supreme Court of the United States has held that '* * * the provision of the constitution of Nebraska, permitting prosecutions for felony by information, does not conflict with the Fourteenth Amendment to the Constitution of the United States.' Bolln v. Nebraska, 176 U. S. 83, 44 L. Ed. 382, 20 S. Ct. 287." Also, see Lem Woon v. Oregon, 229 U. S. 586, 33 S. Ct. 783, 57 L. Ed. 1340 (1913).

Defendant's final assignment of error asserts that the state court was without jurisdiction because the case had been removed to Federal District Court under the provisions of 28 U. S. C. A., § 1443. It is true

that a petition for removal was filed in the United States District Court for the District of Nebraska, presumably under the provisions of that section of the United States Code, a copy of which was filed with the clerk of the District Court for Sheridan County on May 1, 1978. 28 U. S. C. A., § 1446, provides in substance that a defendant desiring to remove a criminal prosecution from a state court shall file in the District Court of the United States a verified statement containing a short and plain statement of the facts supporting such removal. It further provides, in part: "(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." It is beyond question from the case law that a bond cannot be required in a criminal case. Lefton v. City of Hattiesburg, Mississippi, 333 F. 2d 280 (5th Cir., 1964). However, the requirement of notice remains. "The language of the statute [28 U. S. C. A., § 1446 (e)] is too plain to require interpretation. Removal is accomplished by filing a petition in the district court, *giving notice to the adverse party*, and filing of a copy of the petition in the state court." (Emphasis supplied.) State v. Francis, 261 N. C. 358, 134 S. E. 2d 681 (1964).

There is absolutely no indication in the record that defendant served the "adverse party," the State, with notice of the filing of such petition for removal. As a matter of fact, defendant voluntarily proceeded with the selection of a jury on the morning of May 1, 1978, the date of the filing of the copy of the petition in the state District Court clerk's office, without ever mentioning to the court that such filing had been made. It could very well be assumed that such filing was not accomplished until after the jury se-

lection, which does not invalidate that proceeding. *Proper compliance* with the federal statute cited simply suspends the state court's jurisdiction. "However, the record does not disclose any of the Federal motions. An appellant has the burden of providing this court with a proper record * * *. [Citations omitted] Thus, it should be noted that the filing of the petition for removal is not shown in the record *nor does the record indicate whether removal was effectuated pursuant to 28 U. S. C. A. § 1446 by giving written notice to the adverse parties* and filing a copy of the petition with the clerk of the State court. Therefore, there is no indication that the State trial court was ousted from jurisdiction in the first instance." (Emphasis supplied.) Dorsey v. State, 357 N. E. 2d 280 (Ind. Ct. App., 1976).

At the risk of being redundant, the foregoing facts and legal citations leave us with one of two inescapable conclusions as to the status of this case at the time of the selection of the jury on May 1, 1978, i.e., either the copy of the petition for removal had not as yet been filed, or if it had, the removal process had not been completed in a proper manner. In either event, the state trial court continued to have jurisdiction throughout the jury selection process.

On May 2, 1978, a copy of an order remanding the case back to the state trial court, signed by United States District Court Chief Judge Warren K. Urbom, was filed in the office of the clerk of the District Court for Sheridan County, Nebraska. *If* the jurisdiction of the state court had ever been suspended, it was certainly free to proceed after the above filing. The record in the trial court indicates that before anything else was done on the morning of May 2 with regard to proceeding with the trial, the presiding judge took notice of the filing of a copy of the above-mentioned order. True enough, defendant advised the court that he planned to appeal the order of remand and continued to object to the jurisdiction of

the state court. 28 U. S. C. A., § 1447 (c) provides: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case."

"Moreover, it should be noted that after the State court is notified of the remand, it resumes jurisdiction and the defendant who desires to appeal the remand order must obtain a stay of proceedings." Dorsey v. State, *supra*. "However, since an appeal does lie in section 1443 cases, and since, absent a supersedeas, an appeal does not vacate orders of the district court, further state proceedings are not avoidable * * *." Fosdick v. Dunwoody, 420 F. 2d 1140 (1st Cir., 1970), 1141 n. 1. No such stay order or supersedeas appears in the record, and therefore the state trial court properly resumed jurisdiction and has had continuing jurisdiction until this appeal.

All of the assigned errors are wholly without merit. There being no claim that the jury's verdict was not supported by the evidence or that the sentence was excessive, the action of the trial court was correct and is affirmed.

AFFIRMED.