EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a criminal contempt case against two attorneys which has been properly brought before this court by appeal pursuant to section 12-1-11, Code 1975.
After a compliance with procedural due process, the Circuit Court of Morgan County (Morgan court) adjudged both attorneys to be in willful contempt of court for their failure to appear for the trial of a divorce case wherein both of them were the attorneys of record for the husband. As punishment, they were both ordered incarcerated in the Morgan County jail for one hour. Upon demand from the attorneys, the Morgan court made the following findings of fact:
“Following a pendente lite hearing, trial on the merits in the case of Hartselle vs. Hartselle, DR84-117, was scheduled for 1:30 P.M., on June 18, 1984.
“Mr. Sandlin and Mr. Burgess were the attorneys of record for the defendant, Mr. Hartselle. Both attorneys were advised of and aware of trial date.
“Several days prior to the trial date, Mr. Sandlin requested the Court continue the case. The Court denied the motion and both Mr. Sandlin and Mr. Burgess were aware of the Court’s ruling denying the motion several days prior to the trial date.
“On June 18, [1984], the case was called for trial. Neither attorney, Mr. Sandlin nor Mr. Burgess, appeared for trial. The Court did not anticipate the absence of either, rather expected both to be present and ready for trial. The case had been set specially for that date and only that particular case was scheduled for trial at that time. Both parties, Mr. Hartselle and Mrs. Hartselle, were present and the plaintiff, Mrs. Hartselle, and her attorney were present and prepared to proceed. Several witnesses were present.
“Rather than proceed in the absence of the defendant’s counsel, the case was continued and rescheduled for August 13, 1984.
“On the morning of June 18, 1984, both Mr. Sandlin and Mr. Burgess were involved, with a third attorney, as co-counsel, representing a defendant in a criminal case in which trial or other proceedings were scheduled in the Madison County Circuit Court. All three attorneys appeared in that Court for that case.
“Either Mr. Burgess or Mr. Sandlin, or both, could have appeared for the trial of the case of Hartselle v. Hartselle in the Morgan County Circuit Court on June 18, 1984, but both chose not to appear. Neither notified the Court that he would not appear.
“The action and conduct of Mr. Sandlin and Mr. Burgess is an affront to the Court (and to their client) and adjudged by the Court to be contemptuous.”
The attorneys argue upon appeal that they made a mere judgmental error and *428 that there is no evidence of bad faith intent on their behalf. We disagree and affirm.
They were aware for days that the Morgan court had overruled their motion for a continuance of the divorce case. They never advised the Morgan court that they would not be present at the divorce trial. For aught that appears they, or one of them, could have been present, because there is some indication that the Madison court’s case was continued around noon and the divorce case was not set until 1:30 p.m. on that day. They made no effort whatsoever to overcome the conflict in scheduled court trials after the Morgan court overruled their motion for a continuance, but, to the contrary, they ignored that ruling and made a willful and deliberate decision that neither of them would attend that day’s divorce trial in the Morgan court. That constituted clear and convincing evidence of bad faith contempt upon which to bottom the Morgan court’s finding of criminal contempt.
In Jackson v. State, 337 So.2d 1281 (Ala.1976), an attorney had been adjudged to be in contempt of court. The supreme court upheld the trial court’s ruling because of the attorney's failure to attend court on one occasion and for his being three hours tardy in his attendance at court on another date. His conduct was determined to fall within the lines of behavior which are authorized as being punishable by a court by section 12-1-8(1), Code 1975. In Jackson, the following was aptly stated:
“Considering the human effort and monetary expense involved in arranging courtroom hearings, the least a court may expect from its officers is appearance on schedule and full preparation for the dispatch of court business. If conflicts in scheduling arise, prompt, considerate notice to the judge should be provided so that those in attendance may not be unnecessarily inconvenienced and the business of the court may continue without interruption. Indeed, a court, in furtherance of justice, is given power to control the conduct of its officers in connection with a judicial proceeding before it. Alabama Code, Tit. 13, § 4 (Recomp. 1958). Failure to attend to these minimal professional obligations to the court may subject the lawyer to summary punishment procedures should they be found to have occurred in a disrespectful or contemptuous manner.
“Under the circumstances of this case the trial court, after a full hearing according due process to the appellant, has determined that his conduct was contemptuous and disrespectful. In order to maintain the respect due it the court found it necessary to punish the appellant. On the record we cannot state that the trial court was in error.”
Jackson, 337 So.2d at 1283.
Finding no abuse of discretion by the Morgan court, the judgment appealed from is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur.