Agnes, A.J.
1. Introduction. This matter is before the court on an order following a judgment for the plaintiff in the underlying case in the amount of $500,000.
2. Background. Following the judgment, the plaintiff initiated collection activities and obtained an order from the court directing the defendant to appear for examination and to produce documents. The defendant failed to appear and the plaintiff filed a complaint for civil contempt. On June 14, 2004 both parties appeared in court on the plaintiffs motion to reschedule the trial of ■ contempt. The court explained the law governing contempt, including the principle that it was not permissible to challenge the order that was alleged to be violated in the contempt proceeding as well as the ramifications of being found in contempt. A hearing on the contempt complaint was rescheduled for June 21, 2004 at which the defendant was ordered in open court to appear. He failed to appear. On June 24, 2004, the court received notice that a petition for removal of this case to federal court had been filed by Ara Eresian.[3] For the reasons stated below this court is unable to take any further action unless and until the case is remanded back to the Superior Court.
3. Discussion:
A. Authority and procedure for removing a case to federal court. While Section 1441 of Title 28 of the United States Code authorizes the removal of cases from state court to federal court, the practice and procedure for removing a case from a state court to a federal court is governed by Section 1446 of Title 28. See 28 U.S.C.A. §§1441, 1446 (2004). Generally, an action is removable from a state court to a federal court only if might have been brought in federal court originally. 28 U.S.C.A. §1441 (2004); Wright, Miller & Cooper; Federal Practice and Procedure: Jurisdiction 3d §3721 (3d ed. 1998 and Supp.). Therefore, the principles governing federal question jurisdiction, diversity of citizenship jurisdiction and the jurisdictional amount in controversy also apply to parties seeking to remove cases to federal court and must be satisfied. Wright, Miller & Cooper; Federal Practice and Procedure: Jurisdiction 3d §§3721, 3725 (3d ed. 1998 and Supp.). In order to remove a case to federal court, a defendant must file a notice of removal in the district in which the state court action is pending. 28 U.S.C.A. §1446 (2004). The notice of removal must be verified and filed in the district court within thirty days after the defendant receives the complaint in the state court action and the defendant must also give written notice of removal to the plaintiff and file a copy of the notice of removal in the state court. Id. Once the papers have been filed, any further proceedings in the state court are prohibited. Id. It has been consistently held that a state court defendant may lose or waive the right to remove a case to a federal court by taking substantial action in state court thereby indicating a willingness to litigate under the state’s jurisdiction before filing a notice of removal with the federal court. See Plymouth & Brockton St. Ry. Co., v. Leyland, 422 Mass. 526, 531 (1996). See also, e.g., Scholz v. RDV Sports, Inc., 821 F.Sup. 1469, 1470 (M.D.Fla. 1993) (the defendant waived its right to remove by proceeding to defend the action in state court or otherwise invoking the process of the state court). More specifically, the Supreme Court has held that a defendant cannot “experiment on his case in the state court, and, upon an adverse decision, then transfer it to Federal Court.” Rosenthal v. Coates, 148 U.S. 142, 147 (1893).
B. After removal of an action from state court, the federal district court acquires full and exclusive subject matter jurisdiction over the litigation and the state court is enjoined from proceeding unless and until the case is remanded. Section 1446 of 28 U.S.C.A. provides that removal is effected once a copy of the notice of removal is filed with the clerk’s office and that, “the State court shall proceed no further therein unless and until the case is remanded.” 28 U.S.C.A. §1446(d) (2004). “Even when the state court believes that the attempted removal is frivolous, present law prevents it from proceeding . .. even if remand subsequently is *75 directed by the federal court.” Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d §3737 (3d ed. 1998 and Supp.). As a result, the state court cannot make a determination as to whether or not the removal has been improper because such removal is governed by federal law and is a question reserved exclusively for the federal courts. Courts consistently have held and recognized that once a petition has been filed to remove a case to federal court, the state court is prohibited from proceeding any further unless there is an order of remand. See, e.g., South Carolina v. Moore, 447 F.2d 1067, 1072-73 (4th Cir. 1975); Lowe v. Jacobs, 243 F.2d 432, 433 (5th Cir. 1957); Master Equipment, Inc. v. Home Ins. Co., 342 F.Sup. 549, 552 (E.D.Pa. 1972); Garden Homes, Inc. v. District Court of Somerville, 336 Mass. 432, 435 (1957). Once the procedural steps have been taken to effect removal, the federal court has jurisdiction regardless of whether the case was removable or the removal was frivolous and any action taken by the state court after removal and prior to remand has no force or effect. Hopson v. North America Ins. Co., 71 Idaho 461, 466 (1951) (an order of default entered in state court after the filing of a petition for removal had no force and effect); People v. Martin-Trigona, 28 Ill.App.3d 605 (Ill.App.Ct. 1975) (despite the state’s contention that the removal petition was patently frivolous, the court held that once the procedural steps are taken to effect removal, the language of §1446(e) clearly enjoins the state court from proceeding any further). Furthermore, proceedings that take place between removal and remand are impermissible even where removal is eventually found to be unwarranted. Hotel Martha Washington Management Co. v. Swinick, 71 Misc.2d 982, 984 (N.Y.App.Div. 1972), citing South Carolina v. Moore, supra. Given that this court has received notice of the defendant’s removal petition, this court lacks jurisdiction over the case and is thus enjoined from any further proceedings until the case is remanded.
C. Motion to remand the case based on any defect other than subject matter jurisdiction must be made within 30 days after the filing the motion for removal under 28 U.S.C.A. 1447. Any objections to the propriety of a removal should take the form of a motion to remand in federal court. Ciotti v. Aetna Cas. & Sw. Co., 511 F.Sup. 647, 648 (E.D.Pa. 1981); State v. Francis, 261 N.C. 358, 360 (1964). Section 1447(c) provides that, “A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal . . .” 28 U.S.C.A. 1447(c) (2004). Once a certified copy of the order of remand is mailed to the clerk of the state court, “[t]he State court may thereupon proceed with such case.” Id. In addition, “[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.” Id.
D. Upon remand, the state court has the power to enforce all orders in effect prior to the filing of the removal petition. Section 1450 provides that all “injunctions, orders and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.” 28 U.S.C.A. §1450 (2004). The language in the statute makes it clear that if the district court remands the case and neither dissolves nor modifies the state court’s orders, such orders remain intact. In fact, a state court’s continuation of proceedings on remand, including punishment for contemptuous violations, has been upheld by other jurisdictions. Jackson v. State, 337 So.2d 1281, 1283-84 (Ala. 1976) (the state court did have power to cite the defendant for contempt violation that occurred prior to the removal petition once the federal court remanded the case); State v. Fuller, 31 A.D.2d 71, 72 (N.Y.2d 1968) (the violation of a valid state order while the case was pending in the federal court, issued prior to removal, remained valid and its violation could be punished by the state court upon remand). Therefore, upon remand this court will have the authority to resume the pending contempt matter with full force and effect. In addition, if appropriate, the plaintiff may file a motion to amend the complaint for contempt to include the conduct of the defendant in purporting to remove the case to federal court. See Jackson at 1284 (after a full hearing, the appellant’s conduct was found to be contemptuous and disrespectful and in order to maintain the respect due it, the court found it necessary to impose sanctions on the appellant).

The defendant’s basis for removal in his Notice of Removal is unclear, stating in part, “Pursuant to the provisions of 28 U.S.C. sec. 1441(c), the aforementioned Defendants expect to bring a separate and independent claim or cause of action which (i) would be removable if sued upon alone, (ii) will be joined with the within action, and (iii) when so joined, the controversy shall exceed $75,000, exclusive of costs and interests,” In addition, the defendant states that, “Thirty (30) days have not elapsed since a copy of the initial pleaing [sic] setting forth a claim for relief upon which such action or proceeding is based has been received by either Evelyn J. Eresian, Melanie C. Eresian or Eva Marie Eresian through service or otherwise, or within thirty (30) days after service of a summons upon any of them if such initial pleading has then been filed in court and is not required to be served.” (Footnote omitted.)