PEOPLE v WYNN

1. COURTS—JURISDICTION—CRIMINAL LAW—FEDERAL COURTS—STATE
   COURTS—REMOVAL—STATUTES.

   A petition for the removal of a criminal prosecution from a state
   court to a Federal district court may be filed in the district
   court at any time before trial (28 USCA 1446).

2. COURTS—JURISDICTION—FEDERAL COURTS—STATE COURTS—RE-
   MOVAL—VOID PROCEEDINGS—STATUTES.

   A state court loses all jurisdiction to proceed in an action com-
   menced in the state court immediately upon the filing of a
   petition for removal in a Federal district court and the filing of
   a copy in the state court; any proceedings in the state court
   after the filing of the petition and prior to a Federal remand
   order are absolutely void (28 USCA 1446).

3. CRIMINAL LAW—COURTS—JURISDICTION—FEDERAL COURTS—STATE
   COURTS—REMOVAL.

   A criminal defendant's conviction is void where a state court
   proceeded with the prosecution of the defendant after the
   defendant had filed a second petition in Federal district court
   for removal, after the defendant's first petition for removal had
   been heard and dismissed, and where the second petition was
   directed at a claim different than the one in the first petition.

Appeal from Jackson, Russell E. Noble, J. Sub-
mitted January 4, 1977, at Lansing. (Docket No.
24634.) Decided March 1, 1977.

Ronald Wynn was convicted of prison escape.
Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Bruce A. Barton,*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 20 Am Jur 2d, Courts §§ 149, 150.
[3] 21 Am Jur 2d, Criminal Law § 533.

Prosecuting Attorney, and *James M. Justin,* Assistant Prosecuting Attorney, for the people.

*Lester O. Pollak,* for defendant.

Before: DANHOF, C. J., and BASHARA and R. M. MAHER, JJ.

BASHARA, J. Defendant was convicted of prison escape, MCLA 750.193; MSA 28.390, and appeals.

One issue raised by the defendant is a matter of first impression in Michigan and will be dispositive of this action. On January 8, 1974, the defendant filed a petition in the United States District Court for the Eastern District of Michigan seeking removal under the authority of 28 USCA 1443. He subsequently gave notice of the filing of that petition to the Jackson County Circuit Court. During the pendency of the District Court's decision on the petition, the state court took no action in regard to the defendant's case. On January 31, 1974, the District Court found the defendant's petition to be frivolous and dismissed the removal action.

After a number of unrelated delays, the defendant's trial in the circuit court was scheduled to begin on May 28, 1975. On May 20th, the defendant again filed a petition in the United States District Court seeking removal of the criminal action. Notice of the filing of this petition was given to the state court two days later.

On May 28, 1975, defendant's trial in the state circuit court commenced. The defendant initially raised a challenge to the jurisdiction of the court on the grounds that the removal petition was pending in the Federal district court. The trial judge indicated that the defendant could raise the issue on appeal and proceeded with the trial.

The defendant continued to object to the jurisdiction of the court and refused to participate in the proceedings. No arguments were made on behalf of the defendant and no defense witnesses were presented.

Defendant based his removal petition of May 20, 1975, on a claim that Jackson County has systematically excluded blacks from serving on jury panels, thereby depriving him of a trial before an impartial jury. This claim was argued to require removal of the criminal action to Federal court under the provisions of 28 USCA 1443. The merits of the defendant's claim is a question for the Federal courts. The sole issue before this Court is the effect on the state court of the filing of a petition seeking such removal.

The procedures for removal are governed by 28 USCA 1446:

"§ 1446. Procedure for removal

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

"(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through

service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

"(c) The petition for removal of a criminal prosecution may be filed at any time before trial.

"(d) Each petition for removal of a civil action or proceeding, except a petition in behalf of the United States, shall be accompanied by a bond with good and sufficient surety conditioned that the defendant or defendants will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed.

"(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, *which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.*

"(f) If the defendant or defendants are in actual custody on process issued by the State court, the district court shall issue its writ of habeas corpus, and the marshal shall thereupon take such defendant or defendants into his custody and deliver a copy of the writ to the clerk of such State court." (Emphasis supplied.)

Section 1446 became part of Federal law in the 1948 revision to the Federal judicial code. Prior to 1948 removal procedure was governed by 28 USCA 74. The United States Supreme Court had held that under the provisions of § 74, which called for filing of a removal petition in the state court, the state proceedings could continue until some further judicial action was taken to effectuate removal. *Virginia v Rives,* 100 US 313; 25 L Ed 667 (1880), *Metropolitan Casualty Insurance Co v Stevens,* 312 US 563; 61 S Ct 715; 85 L Ed 1044 (1941). The introduction of § 1446, which requires the filing of the petition directly with the Federal

court, raised the question of whether state court proceedings should cease subsequent to the filing of a removal petition.

Although Michigan has not ruled on this issue, Federal and state court have consistently held that the explicit language of § 1446(e), which requires that the state court "shall proceed no further" until and unless the matter is remanded, operates to render void any state proceedings subsequent to the filing of the petition. Typical of these decisions is the extensive analysis of the Fourth Circuit in *South Carolina v Moore,* 447 F2d 1067 (CA 4, 1971). Discussing the effect of § 1446, the *Moore* court held:

> "It is clear, however, that § 1446, in providing for the filing of the petition in the district court while promptly thereafter filing a copy in the state court and giving notice to adverse parties was designed to make the removal effective by the performance of those acts. The removal was no longer dependent upon any judicial act in any state or federal court. The new procedure effectively reversed the premise underlying the *Rives-Metropolitan* rule.
>
> "Since the adoption of § 1446, it has been uniformly held that the state court loses all jurisdiction to proceed immediately upon the filing of the petition in the federal court and a copy in the state court. Under these holdings any proceedings in the state court after the filing of the petition and prior to a federal remand order are absolutely void, despite subsequent determination that the removal petition was ineffective." (Footnote omitted.) *South Carolina v Moore, supra,* at 1073.

See also *Adair Pipeline Co v Pipeliners Local Union No 798,* 325 F2d 206 (CA 5, 1963), *Hopson v North American Insurance Co,* 71 Idaho 461; 233 P2d 799 (1951), *Bean v Clark,* 226 Miss 892; 85 So 2d 588 (1956), *State v Francis,* 261 NC 358; 134 SE2d 681 (1964), Wright, Federal Courts, 2d ed, p

141, Baron & Holtzoff, Federal Practice and Procedure (Wright ed) § 107, Moore, Federal Practice, paragraph 0.168.

This Court agrees that the statutory language of § 1446 compels a finding that the circuit court lacked jurisdiction to conduct the defendant's trial. The prosecutor has made a logical argument that the strictness of a rule voiding the present trial would create a substantial threat that removal procedures will be abused in future cases, causing unwarranted delay and obstruction. It is urged that this Court revive the spirit of the *Rives-Metropolitan* rule and allow trial court proceedings to continue at the peril of a subsequent grant of removal. While we recognize the opportunities for abuse in a system where even the most frivolous petition for removal will compel a stay of the trial court actions, we agree with the reasoning of the *Moore* Court that the system can only be changed by legislative action.

"It is a situation which deserves congressional attention, for that kind of disruption of state court proceedings seems wholly unnecessary and unwarranted. There are many approaches an amendatory statute might take. Perhaps the one which would best preserve the utility and protect the purposes of the Civil Rights Removal Act would be a provision foreclosing the right to file such a removal petition within a ten-day period preceding any scheduled trial, provided the defendant had failed to act earlier after a reasonable opportunity to obtain and consult a lawyer. Perhaps by statute Congress would simply revive the *Rives-Metropolitan* rule, so that a state court might proceed at its own risk, knowing that a subsequent remand order would validate its proceedings. If the state judge thought the petition frivolous, he might well conclude to go on with the proceedings in the state court. The solution, however, appears one for congressional choice." (Footnote omitted.) *South Carolina v Moore, supra,* at 1074.

One additional question should be resolved. The defendant had filed an earlier petition for removal, which was heard and dismissed by the Federal court. Had the first petition been directed at the identical claim we would have reached a different result. We do not believe that the legislative intent was to allow a defendant to continually file a petition on the same issue, thereby endlessly delaying his trial. We have no need to face this question here as the defendant's initial petition was premised on a different claim. Having found no legislative intent requiring that all issues alleged to require removal be raised in a single petition, we do not find that the defendant was precluded from seeking Federal review of his challenge to the jury process.

We hold that the circuit court was without jurisdiction when it conducted the defendant's trial. The trial and all subsequent proceedings are therefore void.

Reversed and remanded.