William W. BINEK, d/b/a Binek Law Office, Plaintiff and Appellee,

v.

Silver ZIEBARTH, Defendant and Appellant.

Civ. No. 890317.

Supreme Court of North Dakota.

June 1, 1990.

Silver Ziebarth (argued), Scranton, for defendant and appellant. Pro se.

William W. Binek (argued), Bismarck, for plaintiff and appellee. Pro se.

ERICKSTAD, Chief Justice.

Silver Ziebarth appeals from an order issued by the District Court for Bowman County on July 7, 1989, denying his motion to vacate judgment. We reverse and remand.

During the period of December 18, 1978, through February 12, 1985, William Binek allegedly provided legal services to Ziebarth in the amount of $33,977.65 plus costs advanced in the sum of $2,674.38, for

a total of $36,652.03. Ziebarth has paid $13,772.50, leaving a balance of $22,879.53.

Binek commenced an action to recover the amount due by summons and complaint dated July 16, 1987. The summons and complaint were not filed in the office of the clerk of the District Court for Bowman County until August 20, 1987. The summons and complaint were served on Ziebarth's daughter at Ziebarth's residence on July 30, 1987, as indicated by the sheriff's affidavit of July 30, 1987, which says:

> "I Rodger A. Bangs Sheriff of said Bowman County hereby certify and return that I received the: summons & complaint on the 27th day of July 1987 and that on the 30th day of July within said county of Bowman, I served or attempted to serve a copy of each document on Silver Ziebarth Defendant ____ in said action in the manner hereinafter set forth, to wit:
>
> \*    \*    \*    \*    \*    \*
>
> x  by leaving a true and correct copy at his dwelling house in the presence of Nola Horvey (his daughter) who is a person of suitable age and discretion then residing therein."

On August 20, 1987, Binek served Ziebarth by mail with a notice of motion for default judgment.[1] The notice expressly set out the date and time for the hearing of the motion for default judgment as September 1, 1987, at 1:00 p.m., in the district courtroom of the Bowman County Courthouse. No return was filed by Ziebarth to said motion for default judgment and on September 1, 1987, the District Court for Bowman County entered an order for default judgment in favor of Binek and against Ziebarth.

On September 11, 1987, Ziebarth filed a motion for relief from the default judgment pursuant to Rule 60 of the North Dakota Rules of Civil Procedure along with supporting brief and affidavit.

The District Court for Bowman County issued an order for hearing on Ziebarth's motion for relief from the default judgment. On October 22, 1987, the district court entered an order granting Ziebarth's motion in part, so as to permit him to file responsive pleadings and to offer evidence in resistance to the default judgment. The default judgment, however, was not vacated.

Trial was subsequently scheduled for March 15, 1988. On January 13, 1988, Ziebarth filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the district of North Dakota. The proceedings pertaining to the default judgment were thus automatically stayed pursuant to 11 U.S.C. § 362(a). Ziebarth's bankruptcy petition was dismissed on April 5, 1989, by the United States Bankruptcy Court for the District of North Dakota. On May 24, 1989, Binek filed a motion for relief from the October 22, 1987, order of continuance. Ziebarth did not respond to Binek's motion, but instead, on June 19, 1989, filed a motion to set aside the default judgment and set for hearing pursuant to Rule 3.2 of the North Dakota Rules of Court. On July 7, 1989, the district court issued an order denying Ziebarth's motion to vacate the default judgment. The district court also vacated the October 22, 1987, order of continuance which had stayed the enforcement of the default judgment.

Ziebarth filed an appeal of the April 5, 1989, dismissal of his bankruptcy petition. On July 10, 1989, Ziebarth made a motion in the United States Bankruptcy Court for the District of North Dakota, requesting a stay pending the appeal of that court's April 5, 1989, dismissal of his bankruptcy

---

1. The certificate of service dated August 20, 1987, signed by Binek, asserts:

    "The undersigned hereby certifies that he served a copy of NOTICE OF MOTION FOR DEFAULT JUDGMENT, MOTION FOR DEFAULT JUDGMENT and AFFIDAVIT OF DEFAULT, NON–MILITARY SERVICE, AND IDENTIFICATION upon the persons herein next designated, on the date below shown, by depositing a copy thereof in the United States mail at Bowman, North Dakota, postage prepaid, in an envelope addressed to said addressee, to-wit:

    Silver Ziebarth
    Scranton, North Dakota 58653

    which address is the last address of the addressee known to the subscriber."

petition. The bankruptcy court ordered the stay on July 13, 1989.

On October 19, 1989, the United States District Court affirmed the bankruptcy court's order to dismiss. On October 28, 1989, Ziebarth filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit. On October 28, 1989, Ziebarth also filed, in the District Court for Bowman County, a motion to set aside that court's July 7, 1989, order denying his motion to vacate the default judgment.

On September 5, 1989, Ziebarth appealed to this Court from the July 7, 1989, order denying his motion to vacate the default judgment. On January 25, 1990, Ziebarth filed a motion with this Court for a stay of the appeal due to his filing of a Chapter 12 bankruptcy petition on December 22, 1989. The stay of appeal was granted on March 1, 1990. *See Binek v. Ziebarth*, 452 N.W.2d 327 (N.D.1990). The United States Bankruptcy Court for the District of North Dakota dismissed Ziebarth's Chapter 12 bankruptcy petition without prejudice on May 18, 1990. Pursuant to that dismissal, we now address the merits of Ziebarth's appeal. The issue we will address is whether or not the trial court abused its discretion in denying Ziebarth's motion to vacate the default judgment and in vacating the October 22, 1987, order of continuance which had stayed the enforcement of the default judgment. The facts and procedures which occurred in this case are very confusing. Therefore, we will reiterate the specific actions which led to the district court's reentry of the September 1, 1987, default judgment.

On September 11, 1987, nine days after entry of the default judgment against him, Ziebarth filed a motion for relief from the default judgment pursuant to Rule 60 of the North Dakota Rules of Civil Procedure. In his brief in support of that motion, Ziebarth asserted that while his daughter was served with the summons and complaint, he was out of the country and did not return until August 16, 1987. He contended that he attempted to file an answer on August 18, 1987, but was told at the courthouse that the summons and complaint had not been filed and that thus, he could not file his answer.[2] The answer was left with the district court on August 20, 1987, to be filed upon filing of the summons and complaint. The answer was not signed, however, until September 4, 1987. Ziebarth also contends that he did not receive the notice of motion for default judgment.

On September 30, 1987, the district court issued an order for hearing on Ziebarth's motion for relief from the default judgment. The hearing was scheduled for October 19, 1987. The parties appeared on October 19, 1987, but requested additional time for settlement possibilities. On October 22, 1987, the district court ordered:

"It is therefore the Order of the Court that the Defendant's Motion pursuant to Rule 60 of the North Dakota Rules of Civil Procedure is herewith granted in part, so as to permit the Defendant to file responsive pleadings to the Plaintiff's Complaint, and further to offer evidence in resistance thereto. It is the further Order of the Court that the Judgment previously granted by the Court to the Plaintiff as against the Defendant and dated September 1, 1987, shall remain of record until the conclusion of the hearing upon the merits, or the parties stipulation of settlement of this litigation."

On October 29, 1987, the district court further ordered:

"It now appearing to the Court that trial of the foregoing litigation is scheduled for 3rd day of November, 1987, and under the date of October 26, 1987, the

---

2. The pertinent part of the summons reads:
   "YOU ARE HEREBY SUMMONED and required to appear and defend against the complaint in this action, which is herewith served upon you, by serving upon the undersigned and answer or other proper response within twenty (20) days after the service of this summons upon you, exclusive of the day of such service. If you fail so to do, judgment by default will be taken against you for the relief demanded in the complaint."
   The language of the summons served upon Ziebarth requires service of an answer upon the plaintiff, Binek, not by a filing in the district court. *See* Rules 3 and 4(c), N.D.R.Civ.P.

Defendant Silver Ziebarth, has filed with the Court the Defendant's Motion for continuance for a period of forty-five to sixty days, so as to permit the Defendant to secure counsel to represent him in the foregoing matter.

"It is therefore the Order of the Court that trial of the foregoing litigation shall be scheduled by the Court Administrator, Southwest Judicial District, at the first available opportunity subsequent to the 15th day of December, 1987."

Trial was subsequently scheduled for March 15, 1988. Notice of trial was mailed to the parties on January 7, 1988.[3]

On January 13, 1988, Ziebarth filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of North Dakota. Ziebarth made a request in a letter to the district court to set aside and remove the default judgment from the record. In response, the Honorable Donald L. Jorgensen, responded with a letter to Ziebarth which contained the following language:

"Please be advised that I am in receipt of your letter of March 3, 1988, together with a copy of the voluntary petition in bankruptcy as filed by you under the date of January 13, 1988.

"Pursuant to the provisions of the United States Bankruptcy Act, the pending litigation entitled William Binek versus Silver Ziebarth, is automatically stayed pending disposition of the voluntary petition in United States Bankruptcy Court. Upon conclusion of bankruptcy proceedings in United States Bankruptcy Court, the above entitled action will be scheduled for trial for disposition.

"Your correspondence of March 3, 1988, requests that the Judgment previously entered as a default Judgment in the above entitled litigation, be set aside and removed from the record. This is to advise you that I may not do so during the pendency of bankruptcy proceedings, and cannot do so until I have received

documentation establishing that the petition in bankruptcy has been fully disposed of."

Ziebarth's bankruptcy petition was dismissed on April 5, 1989, by the United States Bankruptcy Court for the District of North Dakota. No action was taken pursuant to the previously entered default judgment until May 24, 1989, when Binek filed a motion for relief from the October 22, 1987, order of continuance, contending that Ziebarth had not filed any responsive pleadings subsequent to the October 22, 1987, order of continuance, that Ziebarth's actions were simply delay tactics, and that such delays were causing Ziebarth's assets which may be available for execution and sale to diminish in value. In his motion, Binek asked for the following:

"WHEREFORE, Plaintiff prays, that the Order of this Court dated October 22, 1987, be rescinded, and that Plaintiff's Judgment against the Defendant dated September 2, 1987, be effective in its entirety.

"In the alternative, that any response by the Defendant be ordered to be provided by affidavit which shall be due within ten days of the date of the Court's Order to that effect, and that the final decision of the Court to either sustain or amend the Judgment be made without further hearing, and that the Judgment as sustained or amended be effective as of September 2, 1987."

Ziebarth did not respond to Binek's motion, but instead, on June 19, 1989, filed a motion to set aside the default judgment and set for hearing pursuant to Rule 3.2 of the North Dakota Rules of Court. Ziebarth failed, however, to support the motion with brief or affidavit. Binek filed a response opposing the motion in the form of brief and affidavit on July 5, 1989. On July 7, 1989, the district court issued an order denying Ziebarth's motion to vacate the default judgment. The district court, in relevant part, said:

> trial before the Hon. Donald L. Jorgensen, at the Bowman County Courthouse, Bowman, North Dakota on March 15, 1988 at 9:30 a.m. (Mountain Time)."

---

**3.** The notice of trial sent to the parties contained the following language:

"NOTICE IS HEREBY GIVEN that the above entitled matter has been set for court

"Upon the Court's review of all pleadings of record, it is clear by all measure and description that the Defendant herein has been granted extensive and repeated opportunities to file substantive and responsive pleadings in the above entitled litigation, and that the Defendant has wholly failed to do so. It is further clear from the record of all pleadings that the Defendant has knowingly and intentionally sought to abuse the rules of civil procedure so as to extend and delay final disposition of these judicial proceedings.

"IT IS THE FURTHER FINDING AND DETERMINATION of this Court that the Defendant's motion to vacate said default judgment is wholly without merit, fails to satisfy fundamental rules of civil procedure and is a further attempt at abuse of process.

"IT IS THEREFORE THE ORDER of the Court that the Defendant's motion to vacate and set aside the default judgment in the above entitled litigation is herewith denied in it's entirety, and that the defendant is assessed reasonable costs incurred by the Plaintiff as a result of said motion in the amount of $100.00, the same to be paid on or before the 1st day of August, 1989.

"IT IS THE FURTHER ORDER of the Court that the Order of Continuance previously entered by this Court granting the Defendant reasonable opportunity to file substantive and responsive pleadings in the above entitled litigation, and said Order further staying the enforcement of default judgment, is herewith vacated. The default judgment as originally granted herein shall be filed with the Clerk of the District Court, Bowman County, North Dakota, and subject to enforcement in its entirety in accordance with the North Dakota Rules of Civil Procedure."

It is difficult for this Court to understand what substantive and responsive pleadings were still required to be filed by Ziebarth. Ziebarth had previously filed an answer, although untimely, and had filed a brief and affidavit in support of his Rule 60(b) motion. The district court had then set the matter for trial. Subsequent to the dismissal of Ziebarth's Chapter 11 bankruptcy petition, the district court reentered the default judgment without giving Ziebarth a trial on the merits.

Perhaps Ziebarth is partly at fault for filing a Rule 3.2 motion, instead of requesting a trial after the dismissal of his bankruptcy petition, but he may have been led into this course of action by Binek's motion following the dismissal of the bankruptcy proceeding. As the claim for attorney fees had been set for trial before the bankruptcy petition was filed, it seems that the case should have been reset for trial after the dismissal of the bankruptcy petition. We conclude that the district court abused its discretion in denying Ziebarth's motion to vacate the default judgment and in reaffirming the previous default judgment. *See Grand Forks v. Mik–Lan Recreation Ass'n,* 421 N.W.2d 806 (N.D.1988); *City of Minot v. Freelander,* 380 N.W.2d 321 (N.D. 1986).

Accordingly, we reverse and remand the case to the district court for a trial on the merits.

GIERKE, LEVINE, MESCHKE and VANDE WALLE, JJ., concur.