**FARM CREDIT BANK OF ST. PAUL,**
**Plaintiff and Appellee,**

v.

**Silver ZIEBARTH, aka Sylvester**
**Ziebarth, Defendant,**

and

**Carol A. Ziebarth, Defendant**
**and Appellant.**

**Civ. No. 910350.**

Supreme Court of North Dakota.

June 1, 1992.

John L. Sherman (argued), of Mackoff, Kellogg, Kirby & Kloster, PC, Dickinson, for plaintiff and appellee.

Carol Ziebarth, pro se.

ERICKSTAD, Chief Justice.

Carol Ziebarth appeals from a county court order denying her "Petition to Dismiss Eviction." We affirm.

Silver and Carol Ziebarth defaulted on loans from the Farm Credit Bank of St. Paul [FCB], and in 1987 FCB sued to foreclose mortgages of real property given by the Ziebarths to secure the loans. Following a series of bankruptcy filings, dismissals, and appeals from those orders [*see Binek v. Ziebarth*, 456 N.W.2d 515, 516–517 (N.D.1990)], we summarily affirmed judgments of foreclosure in *Farm Credit Bank of St. Paul v. Ziebarth*, 458 N.W.2d 513 (N.D.1990). During May 1990, FCB

purchased the property at a sheriff's sale and in May 1991, FCB received sheriff's deeds to the property after the Ziebarths failed to redeem.

On July 23, 1991, FCB served the Ziebarths with notices of intention to evict them from the premises and commenced an eviction action under Chapter 33–06, N.D.C.C., on July 28, 1991. Although a hearing was scheduled for August 2, 1991, the county court granted the Ziebarths' motion for a continuance because Silver had a sentencing hearing scheduled for the same time in South Dakota.

On July 30, 1991, the Ziebarths filed with the federal district court a petition to remove the county court eviction action to federal court under 28 U.S.C. §§ 1441(a) and 1446(d). In an order filed on July 31, 1991, the federal district court denied the petition and remanded the case to county court. The federal court determined that the Ziebarths had "failed to provide the requisite filing fee with their petition for removal," and that:

> "even if the filing fee had been paid, the petition to remove lacks a jurisdictional basis to remove to federal court. The eviction action filed in Bowman County, North Dakota is clearly controlled by state law. The court also views Petitioners' attempt to remove the State court action as a collateral attack on the prior foreclosure action, which procedurally would be addressed on direct appeal."

The eviction hearing was held in county court on August 29, 1991. Silver was incarcerated in South Dakota and did not attend. At the beginning of the hearing, Carol informed the court that she had filed a second removal petition with the federal district court the previous day. Carol had also filed a copy of the petition with the clerk of county court prior to the hearing. The clerk of county court provided a copy of the petition to counsel for FCB. Despite Carol's objections, the county court, after reviewing the second removal petition and the federal district court's order dismissing the first removal petition, proceeded with the hearing. Judgment was entered on

September 9, 1991, ordering the Ziebarths to vacate the premises by October 1, 1991.

On September 19, 1991, the federal district court denied Carol's second removal petition and remanded the case to county court. The federal court determined that the petition was untimely because it was "filed thirty-two days after the defendant received copies of the initial pleading." See 28 U.S.C. § 1446(a) and (b). The court also noted that the petition stated that the amount in controversy only exceeded $10,000 rather than $50,000 as required by 28 U.S.C. § 1332. The court further found once again that "Ziebarth fails to meet the necessary requirements for removal."

On September 30, 1991, Carol filed in the county court a "Petition to Dismiss Eviction" alleging, on numerous grounds, that the Ziebarths continued to own the property. The county court denied the petition, concluding that "none [of the claims] constitutes a valid defense to [FCB's] eviction action." Carol appealed from the order denying her "Petition to Dismiss Eviction."

■ The major issue in this case is whether the county court had jurisdiction to proceed with and decide the eviction action after Carol notified FCB and the court that she had filed a second removal petition with the federal district court.

■ A defendant accomplishes removal of a case from state court to federal court under 28 U.S.C. § 1446 by filing a notice of removal with the appropriate federal court, promptly filing a copy of the notice with the clerk of the state court, and promptly giving written notice of the removal to all adverse parties. *Farm Credit Bank of St. Paul v. Rub*, 481 N.W.2d 451, 455 (N.D. 1992). Once these three procedural requirements are met, "the state court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Recently, in *Rub, supra*, 481 N.W.2d at 456, we recognized that there "is all but unanimity on the proposition ... that a state court adjudication, while a removal petition is pending in federal court, is void, even if the federal court subsequently determines that the case is not removable."

However, cognizant of the onerous burden on both federal and state judicial resources when attempted removals are frivolous, doubtful, in bad faith, or otherwise improper, we adopted a limited exception to the general rule in cases involving multiple filings of removal petitions:

"Although, ordinarily, the federal courts bear the responsibility to determine whether or not a case is removable, we believe the rationale of [*Bell v. Burlington Northern Railroad Co.*, 738 P.2d 949 (Okl.Ct.App.), *cert. denied*, 482 U.S. 919, 107 S.Ct. 3197, 96 L.Ed.2d 684 (1986)] and [*People v. Wynn*, 73 Mich. App. 713, 253 N.W.2d 123 (1977)] is persuasive in this case. When the federal court has previously remanded a notice of removal and subsequently denies a second notice of removal by the same party which is based on the same ground, the state court retains jurisdiction. *Cf., Ralphs Grocery Co. v. Meat Cutters Union Local No. 421*, 379 F.Supp. 281 (C.D.Cal.1973) [federal court remand of the defendants' first petition for removal was res judicata with respect to a second petition for removal where there was no change whatsoever in the matter and proceeding which the defendants had initially attempted to remove]. We do not believe Congress intended to allow a defendant to repeatedly file notices of removal and endlessly delay state court proceedings. *Wynn.* Condoning that type of abuse of process is inconsistent with any notion of fairness and justice and undermines the purpose of the federal and North Dakota rules of procedure 'to secure the just, speedy, and inexpensive determination of every action.' Rule 1, F.R.Civ.P.; Rule 1, N.D.R.Civ.P." *Rub, supra*, 481 N.W.2d at 457.

■ Thus, a state court retains jurisdiction to act when the federal court subsequently denies a removal petition which is based on the same ground as a previously denied removal petition.

In this case, the asserted "ground" for removal in each of the two petitions is essentially the same. Both petitions assert that because FCB is a "Foreign Agent" or "Agency" of the "International Monetary Fund" and the "International Bank for Reconstruction and Development" and does "in fact collect and disburse Federal Reserve Notes," thereby becoming an "Agent[ ] of the Federal Reserve Bank ... which is a Foreign Agent/Agency for the Fund and the Bank," original jurisdiction is vested in the federal district court pursuant to 22 U.S.C. §§ 284f and 286g.

■ The first petition for removal is more expansive than the second petition because it incorporated by reference the Ziebarths' complaint in a related federal court action which the federal court ultimately dismissed. This 34–page "petition" contains numerous allegations that were not repeated in the second removal petition. From our review of the documents, the only allegation in the second petition that differs in substance from the first petition is that diversity jurisdiction exists because "Silver Ziebarth is now in custody of the Bureau of Prisons at Yankton, South Dakota, at this time...." However, during incarceration a prisoner's domicile and citizenship, for purposes of federal diversity jurisdiction, generally remains in the state where he was domiciled at the time of conviction and imprisonment. Annot., *Domicil of Prisoner for Purposes of Federal Diversity Jurisdiction (28 USCS § 1332)*, 23 A.L.R.Fed. 611, 615 (1975). The allegation that Ziebarth is "in custody" falls far short of showing the "truly exceptional circumstances" required to depart from the general rule. *Jones v. Hadican*, 552 F.2d 249, 251 (8th Cir.), *cert. denied*, 431 U.S. 941, 97 S.Ct. 2658, 53 L.Ed.2d 260 (1977); *see also Stifel v. Hopkins*, 477 F.2d 1116 (6th Cir.1973).

The federal district court dismissed both removal petitions which essentially asserted identical grounds for removal. The added allegation in the second petition concerning Silver's incarceration in South Dakota is insufficient on its face to raise even a colorable claim of diversity jurisdiction. *See Jones v. Hadican, supra.* Under these circumstances, we conclude that the county

court had jurisdiction to hear and decide the eviction action.

 We need not dwell at length on Carol's other contentions because most of these legal issues are settled. Because FCB is a federally chartered corporation, it is not a foreign corporation under § 10–22–19, N.D.C.C., and is not required to obtain a certificate of authority from the Secretary of State in order to maintain an action in state court. *E.g., Rub, supra,* 481 N.W.2d at 457–458. Article XI, § 22 of the North Dakota Constitution does not prohibit the enforcement of a mortgage against a homestead. *E.g., Rub, supra,* 481 N.W.2d at 459. FCB is the successor in interest to the Federal Land Bank "by operation of law" under § 47–10–01, N.D.C.C. *E.g., Fibelstad v. Grant County,* 474 N.W.2d 54, 57–58 (N.D.1991). The Securities and Exchange Act of 1934 does not apply to FCB borrower stock. *See Federal Land Bank of Saint Paul v. Anderson,* 401 N.W.2d 709, 713 (N.D.1987). Carol has failed to establish that FCB borrower stock is not in fact registered with the State Securities Commissioner, and even if it is not registered, she has provided no persuasive argument to support such a requirement. *See* §§ 10–04–04 and 10–04–05(1), N.D.C.C.; 12 U.S.C. § 2162. We have considered the other arguments raised by Carol and deem them to be without merit.

 FCB seeks costs and attorney fees under Rule 38, N.D.R.App.P., asserting that Carol's appeal is frivolous. While several of Carol's arguments are so devoid of merit that she should have been aware of the impossibility of success on appeal, we cannot say the same about her issue concerning the jurisdiction of the county court to act upon the filing of the second removal petition. *See Adolph Rub Trust v. Rub,* 474 N.W.2d 73, 77 (N.D.1991). Accordingly, we deny the request for costs and attorney fees.

The order is affirmed.

LEVINE, MESCHKE and VANDE WALLE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting as a member of the Court to fill the vacancy created by the resignation of Justice H.F. GIERKE III. JOHNSON, J., not being a member of this Court at the time this case was heard, did not participate in this decision.