THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY R. MARTIN-TRIGONA, Defendant-Appellant.

(No. 12609; ▮▮▮▮▮▮▮▮▮▮▮▮

Fourth District—May 22, 1975.

*Rehearing denied June 6, 1975.*

Frederick F. Cohn, of Chicago and Richard A. Liese, Law Student, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Thomas L. Knight, Assistant State's Attorney, and John Nicoara, Law Student, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant Anthony R. Martin-Trigona was charged with assault in violation of section 12—1 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 12—1), and with disorderly conduct in violation of section 26—1 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 26—1). After a jury trial at which defendant waived his right to be present, he was acquitted of the assault charge but found guilty of the disorderly conduct charge. He was fined $250. His appeal raises a number of questions concerning the conduct of the trial and interpretation of the disorderly conduct statute, but we find it unnecessary to comment on these issues because of our belief that the trial court lacked jurisdiction over the defendant at the time of trial.

On May 1, 1972, defendant filed a petition to remove this case to the United States District Court, Eastern District of Illinois. The cause was remanded to the State court on August 25, 1972. On May 8, 1973, before trial commenced, defendant filed a second removal petition with the same Federal court, a copy of which was properly filed with the State court. Defendant advised the State court of his belief that the removal petition deprived that court of jurisdiction, yet on December 17, 1973,

with his removal petition still pending in Federal court, defendant's case was brought to trial in the circuit court.

The procedure for removal of cases from State courts to Federal courts is set out in 28 U.S.C.A. 1446. After describing the procedures for instituting removal, the statute goes on to say:

> "(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C.A. 1446(e).

While Illinois has no cases interpreting section 1446(e), the Federal courts and other State courts have consistently interpreted it to bar any action by the State court until the removal petition has been rejected and the case remanded by the Federal court. *South Carolina v. Moore* (4th Cir. 1971), 447 F.2d 1067; *United States ex rel. Echevarria v. Silberglitt* (2d Cir. 1971), 441 F.2d 225; *North Carolina v. Francis* (1964), 261 N.C. 358, 134 S.E.2d 681; *Schuchman v. State* (1968), 250 Ind. 408, 236 N.E.2d 830.

The State contends that because defendant's removal petition was patently frivolous, section 1446(e) should not be applied. This same contention was raised and rejected in *South Carolina v. Moore*, where the court acknowledged that it was regrettable to overturn State proceedings even where the removal petition had in the interim been denied, but said, "The explicit language of the statute and its uniform construction, however, convince us that the argument must be rejected." (447 F.2d 1067, 1072.) We also agree that the explicit language of the statute and its uniform construction preclude any other interpretation. The statute says, "The State court shall proceed no further unless and until the case is remanded." More specific and precise language would be hard to imagine. The State court had no jurisdiction to pursue this case once it had been removed to Federal court. The proceedings in the circuit court were contrary to this express mandate and at a time when the court was without jurisdiction to proceed. It did not again acquire jurisdiction until the subsequent order of remandment from the Federal court. Accordingly, the judgment here was entered at a time when the court was without jurisdiction and must be reversed. The cause is remanded for further proceedings

Reversed and remanded.

SIMKINS, P. J., and TRAPP, J., concur.