NESBITT, Judge.
The dispositive issue in this appeal is whether the trial court had subject matter jurisdiction in a proceeding wherein it answered the questions propounded to it by a bankruptcy judge of the United States District Court in and for the Southern District of New York. We find that it did not and reverse.
It appears that the appellant (Maidman) was a “debtor in possession” in a Chapter XII bankruptcy proceeding before the U.S. District Court. One of Maidman’s creditors, the appellee (Jomar), entered into a lease with the receiver of the Barcelona Hotel located in Miami Beach. A question arose in the Chapter XII proceeding regarding Jomar’s right to possession of the hotel. The bankruptcy court partially rescinded its stay order and deferred to the Circuit Court of the Eleventh Judicial Circuit [Miami] so as to allow Jomar to obtain an interpretation of the lease from that court where a mortgage foreclosure proceeding on that property was then pending. Although Maidman was a party to the mortgage foreclosure proceeding, Jomar was not. Counsel for Jomar filed a motion for clarification directly in the foreclosure proceeding attaching copies of the bankruptcy court’s order and questions to be answered. On June 29, 1979, the circuit court entered an order of clarification in accordance with the bankruptcy court’s request. On July 3, 1979, counsel for Jomar filed a motion for rehearing on the order of clarification reciting: “that a question of due process and proper notice has been raised.” On July 16, 1979, Maidman responded by moving to strike the motion for rehearing for a clarification of the lease on the grounds that: (1) neither Maidman nor counsel had been served with the original motion or moving papers; and (2) Jomar, not being a party to the foreclosure proceedings, lacked standing to seek a declaratory judgment because it had not obtained leave to intervene pursuant to Florida Rule of Civil Procedure 1.230.
Simultaneous with the filing of its motion to strike, Jomar filed a petition to remove the controversy to the United States District court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1441 and 1446. Bond was properly posted and notice was given to the interested parties. Jomar’s motion for rehearing on the clarification of the lease was granted by the trial court on July 17, 1979 in the form of an amended “Order on Clarification of Lease and Addendum” from which this appeal is taken. On August 16, 1979, the federal court in Miami remanded the proceeding to the state court.
Maidman complains here of the unorthodox proceeding in that Jomar did not obtain *730 leave to intervene pursuant to Florida Rule of Civil Procedure 1.230; failed to file or serve a complaint for declaratory judgment, and failed to serve pleadings pursuant to Florida Rule of Civil Procedure 1.080(a).
We need not and do not reach these questions because a reversal is required for want of subject matter jurisdiction. Under 28 U.S.C. § 1446, a petition for removal divests the state court of subject matter jurisdiction notwithstanding the lack of notice, knowledge, and in spite of subsequent remand of a case. Cavanagh v. Cavanagh, 380 A.2d 964 (R.I. 1977) (and authorities cited therein); Artists’ Representatives Association v. Haley, 26 A.D.2d 918, 274 N.Y. S.2d 442 (1966); 25 A.L.R.2d 1045 (1952).
Accordingly, the amended Order on Clarification of Lease and Addendum entered by the circuit court on July 17, 1979 answering certain questions propounded to it by the bankruptcy court of the Southern District of New York is reversed.