### A04A1595. ODUOK v. PHILLIPS et al.
(604 SE2d 633)

SMITH, Chief Judge.

Inyang Peter Oduok filed this pro se appeal from the trial court's order administratively closing his pro se suit against Sean Phillips, a DeKalb County police officer, Eddie Moody, the Chief of Police, DeKalb County and its Chief Executive Officer, and various other county departments and department heads. Because we agree with the trial court and appellees that the trial court had no jurisdiction to entertain the action, we affirm.

Oduok filed suit against appellees and various other governmental agencies and individuals in DeKalb County Superior Court, alleging that appellees violated his civil rights and stating various state law claims against appellees, including false arrest, assault and battery, false imprisonment, malicious prosecution, intentional infliction of emotional distress, negligence, negligent supervision, and conspiracy. After being served, Phillips, Moody, and the DeKalb County Department of Public Safety filed a notice of removal in the U. S. District Court for the Northern District of Georgia under 28 USC §§ 1441 and 1446. They also filed a notice of the filing in the Superior Court of DeKalb County and served Oduok. As a result, the superior court entered an order directing that the case be closed and classified as "an administrative closure." Oduok then filed a motion to vacate the order closing his case, and a hearing was scheduled on the motion. The trial court never ruled on the motion, and according to Oduok the motion was taken off the hearing calendar. This appeal ensued.

1. Oduok raises two enumerations of error. In the first enumeration he contends the trial court erred in dismissing his case. In the second enumeration of error he contends that the trial court "erred in taking [his] motion to vacate off the hearing calendar and refusing to reinstate the motion on demand." No dismissal order appears in the record, and the argument section of Oduok's brief does not make clear which enumeration he is addressing. The argument merely addresses six separate issues all different from the enumerations of error. This court's rules as to the form of briefs were formulated to assist parties in presenting their arguments in a manner most conducive to a full and efficient consideration by this court. *Aldalassi v. Drummond*, 223 Ga. App. 192 (1) (477 SE2d 372) (1996). Ordinarily,

"[p]arties are not permitted to enlarge their enumeration of errors by including additional issues in their brief. [Cits.]" *K-Mart Corp. v. Hackett*, 237 Ga. App. 127, 130 (1) (514 SE2d 884) (1999). Nevertheless, in deference to Oduok's pro se status, *Bennett v. Moody*, 225 Ga. App. 95, 96 (483 SE2d 350) (1997), we will attempt to address these arguments to the best of our ability as we understand them. *Brison v. State*, 248 Ga. App. 168 (1) (545 SE2d 345) (2001).

2. Oduok argues that appellees have not complied with the procedure set forth in 28 USC § 1446 (d) by posting a bond. Contrary to Oduok's assertion, the statute no longer requires bond to be posted in civil actions; the 1988 amendment removed this requirement.

3. Oduok maintains that because the record shows that the suit was originally filed in U. S. District Court and appellees opposed the district court taking jurisdiction over the state law claims, the notice of removal was made in bad faith. But it is Oduok's "burden to show error from the record. He cannot carry this burden simply by making assertions in his appellate brief." (Citation and footnote omitted.) *Bynum v. Horizon Staffing*, 266 Ga. App. 337, 339 (1) (596 SE2d 648) (2004). Unfortunately, the record does not include the pleadings filed by appellees in the course of the federal lawsuit.[1] We are therefore unable to address this enumeration.

4. Oduok next asserts that the superior court and the district court may exercise concurrent subject matter jurisdiction in this matter. Oduok is correct in pointing out that the pendency of a federal action is no bar to a suit in a state court by the same plaintiff against the same defendant for the same cause of action. *Barkley-Cupit Enterprises v. Equitable Life Assurance Society*, 157 Ga. App. 138, 140 (1) (276 SE2d 650) (1981). That principle is still valid. But as this court acknowledged in *Barkley-Cupit*, " 'it is not without exception.' [Cit.]" Id.

In this case, a federal statute mandates that in a civil action, when the notice of removal is filed with the clerk of the state court, the notice "shall effect removal and the State court shall proceed no further unless and until the case is remanded." 28 USC § 1446 (d). Because the statute proscribes any further action by the superior court, the superior court had no jurisdiction to enter an order either granting or denying Oduok's motion to vacate. Moreover, 28 USC § 1446 (d) provides clear authority for the superior court's entry of the order closing the case administratively. For the same reason, the remainder of Oduok's arguments are unavailing as well. We can

---

[1] It includes an index to the federal lawsuit but does not show the contents of the filings.

understand Oduok's apparent frustration, but unless and until the federal court remands the case, the DeKalb County Superior Court is powerless to act.

We note that 28 USC § 1441 (a) provides that removal to federal district court is permitted in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Because the district court has original jurisdiction of civil rights actions under 28 USC § 1443, appellees' notice of removal was facially proper.

The record includes the district court's order in the prior federal case, in which the court notes that "[p]laintiff may proceed with these state law claims in state court, to the extent permitted by" the state court. But at the time that order was entered, the state court action did not exist and obviously no removal notice had been filed. Consequently, notwithstanding Oduok's argument otherwise, that sentence in the district court's order could not have constituted the remand contemplated under 28 USC § 1446 (d). Because the removal was proper under the federal statute, it deprived the state court of jurisdiction. The superior court therefore did not err in closing Oduok's case.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 14, 2004.

Inyang P. Odouk, *pro se.*
Michelle L. Thomas, for appellees.