## A11A1726. DB50 2007-1 TRUST et al. v. DIXON.

(723 SE2d 495)

MCFADDEN, Judge.

This is an appeal from a superior court order permanently enjoining foreclosure of certain property. Because the order was entered after the case had been removed to federal court, the superior court was without jurisdiction and the order must therefore be vacated as void.

Bonnie Dixon filed a complaint in Greene County Superior Court against DB50 2007-1 Trust and John Does 1-10, seeking to enjoin DB50 from foreclosing on Dixon's property in Greensboro, Georgia. The superior court issued a temporary restraining order prohibiting foreclosure until further order of the court. DB50 then removed the case to the United States District Court for the Middle District of Georgia based on alleged diversity of citizenship jurisdiction. On May 17, 2010, DB50 filed notice of that removal in the superior court.

The next day, on May 18, 2010, Dixon filed an amendment to her complaint, identifying Prommis Solutions, LLC, a Georgia company, as an additional defendant in the case. That same day, the superior court held a hearing at which DB50 and Prommis were not present. At the hearing, the trial court announced that it would grant Dixon a permanent injunction. Ten days later, on May 28, 2010, the superior court entered an order permanently enjoining DB50 and Prommis from foreclosing on the property.

Some seven months later, on January 4, 2011, the district court remanded the case to the superior court because DB50 had failed to establish complete diversity of citizenship between the parties. After the remand, DB50 and Prommis filed this appeal from the superior court's order of a permanent injunction.

1. The appellants assert that the permanent injunction order is void because the superior court issued that ruling after the case had been removed to the federal district court and before it was remanded to the superior court. We agree.

"[A] federal statute mandates that in a civil action, when the notice of removal is filed with the clerk of the state court, the notice 'shall effect removal and the State court shall proceed no further unless and until the case is remanded.' 28 USC § 1446 (d)." *Oduok v. Phillips*, 269 Ga. App. 583, 584 (4) (604 SE2d 633) (2004). As our state Supreme Court has explained,

> removal to a federal court pursuant to 28 USC[ ] § 1446 halts all further proceedings in the state court, which thereupon loses jurisdiction unless and until the case is remanded. . . . [A]ny proceedings in a state court after

removal of a case to federal court are null and void and must be vacated.

(Citation, punctuation and emphasis omitted.) *Cotton v. Federal Land Bank*, 246 Ga. 188, 189 (269 SE2d 422) (1980). Here, the superior court held a hearing and then entered the permanent injunction after the notice of removal to federal district court had been filed, and before the case was remanded by the district court. Accordingly, the superior court was without jurisdiction at the time it held the hearing and when it entered the order, which is therefore null and void.

Dixon argues that the action taken by the superior court after the notice of removal is not void because the federal district court ultimately found that it did not have diversity jurisdiction and remanded the case to the superior court. In support of this argument, Dixon cites *Styers v. Pico, Inc.*, 236 Ga. 258, 259 (223 SE2d 656) (1976), which includes language that an "exception [to the rule that state court actions are void after removal to federal court] occurs when a case is subsequently shown not to have been removable." However, this language was not supported by citation to any legal authority and, as Dixon acknowledges, was obiter dicta. Such dicta does "not . . . control the judgment in a subsequent suit when the very point is presented for adjudication." (Citation and punctuation omitted.) *Zepp v. Brannen*, 283 Ga. 395, 397 (658 SE2d 567) (2008).

Moreover, while there might have been such an exception under a prior version of the federal removal statute, no such exception exists under the present law. See *Allen v. Hatchett*, 91 Ga. App. 571, 572-576 (1) (86 SE2d 662) (1955) (discussing change in removal law and explaining that under current law any action taken in state court after notice of removal will have no force or effect). Indeed, cases and commentary agree that under the revised statute, once a case has been removed to federal court, "the action in the state court is automatically stayed and any proceedings there prior to a federal remand order are absolutely void, *despite a subsequent determination that the removal petition was ineffective*. [Cits.]" (Emphasis supplied.) *Cavanagh v. Cavanagh*, 380 A2d 964, 967 (I) (RI 1977). A "state court is deprived of jurisdiction to proceed with the removed action unless and until the case is remanded, *irrespective of whether the action is removable*. [Cit.]" (Emphasis supplied.) *United States ex rel. Echevarria v. Silberglitt*, 441 F2d 225, 227 (2d Cir. 1971). If a case is ultimately remanded to the state court, it simply " 'resumes the status it occupied at the time of the removal.' [Cit.]" *Quixtar, Inc. v. Campbell*, 298 Ga. App. 617, 618 (680 SE2d 661) (2009).

In this case, because 28 USC § 1446 (d) proscribed any further

action by the superior court after the removal to district court and prior to remand, the superior court had no jurisdiction when it entered the order permanently enjoining foreclosure of the property. See *Oduok*, supra at 584 (2). Accordingly, that order is void and must be vacated. Upon remand, the case resumes the status it had at the time of removal.

2. Because of our holding in Division 1, we need not address the remaining enumerations of error concerning various issues that are either moot or have not yet been raised in and ruled on by the trial court.

*Judgment vacated and case remanded with direction. Phipps, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 17, 2012.

*Johnson & Freedman, Kyle S. Kotake*, for appellants.
*Peter J. Rice, Jr., James E. Carter*, for appellee.