**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 10, 2012**

# In the Court of Appeals of Georgia

A12A0712. LINGO v. SMITH.

ADAMS, Judge.

James L. Lingo, Jr., pro se, appeals the trial court's order granting Roger D. Smith's petition for possession of real property. For the reasons that follow, we affirm.

The record shows that on July 25, 2011, Smith filed a dispossessory affidavit in which he alleged that he had foreclosed on the subject property and that Lingo was, consequently, a tenant at sufferance; Smith demanded possession. See OCGA § 44-7-50. Lingo was served with the dispossessory affidavit and summons on July 27. On August 2, Lingo answered, counterclaimed, and moved for a temporary restraining order. On September 9, Lingo filed a notice of his "Motion for Petition for Removal" of the case to federal court; the notice is stamped as having been received in the

clerk's office of the United States District Court of the Middle District of Georgia on September 9. The notice includes a copy of Lingo's federal court motion in which Lingo asserts that the District Court has jurisdiction because he is asserting a violation of his civil rights under several federal laws.

The next document in the record is the trial court's final order. In that order, the court notes that on August 10, 2011, Lingo signed a return receipt of certified mail indicating that he had received notice that day of a hearing scheduled for September 12, 2011 on Smith's demand for possession. The court noted that on September 6, Lingo requested a continuance from Smith but that Smith declined. The court stated that on the date of the hearing, Lingo did not appear, but the court received a fax transmission of the above described petition to remove the case to federal court. The court's order also indicates that at the hearing, it heard evidence from Smith regarding the real estate, the security deed, certain assignments, the foreclosure process, the foreclosure sale, and Smith's attempt to notify Lingo that he needed to vacate the property. At the hearing, Smith moved to dismiss Lingo's notice of removal on the ground that it did not meet the statutory requirements.

The court held that Lingo's notice of removal had not been filed within 30 days of receipt of the initial pleading setting forth the claim of relief upon which his action

2

was based as required by 28 USC § 1446, and that Lingo's notice of removal did not contain a "short and plain statement of the grounds for removal" as is also required. Combined with the fact that Lingo failed to appear at the hearing, the court concluded that Lingo had not "carried his burden of establishing federal jurisdiction." The court concluded that it still had jurisdiction of the dispossessory proceeding, and it granted Smith possession of the property and ordered that Lingo be dispossessed. The court denied Lingo's subsequent motion for reconsideration, and, on September 20, Lingo filed his notice of appeal.

Based on a thorough reading of Lingo's brief we find the following assertions of error: (1) that the trial court erred by taking action despite Lingo's notice of removal to federal court; (2) that the trial court erred because Smith's ownership of the property was improper and he instituted an unlawful foreclosure sale; (3) that the trial court's findings of fact are erroneous because the facts show that Smith was engaged in intentional unlawful acts; and (4) that the court erred in its findings of fact related to allegations that Smith was improperly engaged in the mortgage business.

1. First, Lingo may not assert errors related to the foreclosure sale because "challenges to a foreclosure sale cannot be asserted as a defense in a subsequent dispossessory proceeding." *Vines v. LaSalle Bank Nat. Ass'n*, 302 Ga. App. 353 (691

3

SE2d 242) (2010). See also *Davis v. CitiMortgage, Inc.*, 309 Ga. App. 385, 386 (2) (710 SE2d 577) (2011) (claimed defects in landlord's title cannot be raised in defense to dispossessory proceeding). Second, without a transcript of the hearing, this court must assume that the trial court's factual findings are supported by the evidence. *Davis*, 309 Ga. App. at 387 (3). Thus, the only remaining assertion of error is that the trial court erred by taking action on the dispossessory after receiving Lingo's notice of removal to federal court.

2. Removal is controlled by 28 USC § 1446, which "mandates that in a civil action, when the notice of removal is filed with the clerk of the state court, the notice 'shall effect removal and the State court shall proceed no further unless and until the case is remanded.' 28 USC § 1446 (d)." *Oduok v. Phillips*, 269 Ga. App. 583, 584 (4) (604 SE2d 633) (2004). Consequently, any action taken by the state court after removal is null and void and must be vacated. *Cotton v. Federal Land Bank*, 246 Ga. 188, 189 (269 SE2d 422) (1980); *DB50 2007-1 Trust v. Dixon*, _ Ga. App. _ (1) (Case No. A11A1726, decided February 17, 2012).

Nevertheless, if the defendant fails to follow the required procedure for removal, the state court retains jurisdiction over the case and may proceed. See *Green v. Sommers*, 254 Ga. App. 446, 446-447 (1) (562 SE2d 808) (2002). See generally

4

*Allen v. Hatchett*, 91 Ga. App. 571, 575 (86 SE2d 662) (1955) ("[T]he rule that such proceedings in a State court following a petition for removal are valid where the suit is not in fact removable is 'the logical corollary of the proposition that such proceedings are void if the cause was removable'."). In *Green*, this Court held that because the defendants had failed to file their petition for removal within 30 days after they had been served with a dispossessory proceeding, as is required by 28 USC § 1446 (b),[1] they could not complain of any alleged error in the trial court's continuing with the case. Id. at 446-447 (1). See also *Smith v. Bally's Holiday*, 843 F. Supp. 1451, 1456, n. 6 (ND Ga 1994) (noting that "the time limits in the statute, while not jurisdictional in nature, are mandatory, and are to be construed against conferring federal jurisdiction.").

---

[1]28 USC 1446 (b) (1) provides as follows:
The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Here, Lingo was served with the dispossessory affidavit and summons on July 27. He did not file his "Motion for Petition for Removal" in the United States District Court of the Middle District of Georgia until September 9, 2011, more than 30 days later. It is only "upon a compliance with the procedural steps of the statute" that the state court loses jurisdiction to proceed. See generally *Sayers v. Rothberg*, 222 Ga. 626, 627 (151 SE2d 445) (1966). In conclusion, because Lingo's petition to remove was untimely, the trial court retained jurisdiction of the dispossessory proceeding.

*Judgment affirmed. Barnes, P. J., and McFadden, J., concur.*