BENTON, J.
Joseph and Mary Ann Musa appeal a final judgment of foreclosure. They contend the final judgment is void because they had removed the case to federal court, depriving the state court of jurisdiction to proceed, before the judgment was entered. We agree and reverse.
An order void for want of jurisdiction in the lower tribunal may be challenged on appeal, even where the jurisdictional defect was not raised below. Polk Cty. v. Sofka, 702 So.2d 1243, 1245 (Fla.1997) (“ ‘[Cjourts are bound to take notice of the limits of their authority and if want of jurisdiction appears at any stage of the *1276 proceedings, original or appellate, the court, should notice the defect and enter an appropriate order.’ ” (citation omitted)); see 84 Lumber Co. v. Cooper, 656 So.2d 1297, 1298 (Fla. 2d DCA 1994) (“[Subject matter jurisdiction is so vital to a court’s power to adjudicate the rights of individuals, that its absence can be questioned at anytime, even after the entry of a final judgment or for the first time on appeal. Moreover, the fact that the lack of such jurisdiction is never presented to a trial court does not preclude an appellate court from considering the issue.” (citation omitted)); see also Maidman v. Jomar Hotel Corp., 384 So.2d 728, 730 (Fla. 3d DCA 1980) (“[RJeversal is required for want of subject matter jurisdiction. Under 28 U.S.C. § 1446,' a petition for removal' divests the state court of subject matter jurisdiction.”).
Wells Fargo Delaware Trust Company (Wells Fargo), initiated the foreclosure action below against defendants, including Mr. and Mrs. Musa, in October of 2011. On February 10, 2015, a day before the final hearing, the Musas filed a notice of removal in the United States District Court for the Middle District of Florida, and filed a copy of the notice in state circuit court, pursuant to 28 Ü.S.C.A. § 1446(a), (d) (West 2015).[1] The circuit court proceeded with the scheduled hearing on February 11, 2015, notwithstanding the notice of removal (and the Musas’ failure to appear).[2] On February 12, 2015, the circuit court entered the final judgment in favor of Wells Fargo that the Musas challenge here.
A “state court is allowed to resume jurisdiction of the removed case if, and only if, - the federal court grants permission by entering an order of remand.” Preston v. Allstate Ins. Co., 627 So.2d 1322, 1324 (Fla. 3d DCA 1993) (citing 28 U.S.C. § 1446(d)). Removal to federal court and the effect of removal are governed by federal law. See Harris v. State, 41 Ark. App. 207, 850 S.W.2d 41, 42 (1993). The current version of 28 U.S.C. § 1446, which was in effect when the Musas filed their notice of removal, provides:
(a) Generally. — A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal ... containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
[[Image here]]
(d) Notice to adverse parties and State couri-Promptly after the filing of such notice of removal of a civil action- the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.
*1277 28 U.S.C.A. § 1446 (West 2015) (boldface omitted) (emphasis added). “Hence, after removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case. Any subsequent proceedings in state court on the case are void ab initio” Maseda v. Honda Motor Co., Ltd., 861 F.2d 1248, 1254-55 (11th Cir.1988) (internal citation omitted); see DB50 2007-1 Tr. v. Dixon, 314 GaApp. 194, 723 S.E.2d 495, 496 (2012) (“ ‘[A]ny proceedings in a state court after removal of a case to federal court are null and void and must be vacated.’ ” (citation omitted)).
In a 1948 revision to the Judicial Code, 28 U.S.C. § 72 was consolidated with other statutes into 28 U.S.C. § 1446. Then a newly enacted statute, 28 U.S.C. § 1446, provided in pertinent part:
(a) A defendant ... desiring to remove ■ any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him ... to removal together with a copy of all process, pleadings and orders served upon him ... in such action.
[[Image here]]
(e) Promptly after the filing of such petition and bond the defendant ... shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.
Hopson v. N. Am. Ins. Co., 71 Idaho 461, 233 P.2d 799, 800-01 (1951) (emphasis added) (discussing 28 U.S.C.A. § 1446 (West 1949)).- The earlier version of the federal removal statute had provided, as follows:
“Whenever any party entitled to remove any suit mentioned' in section 71 of this title ... may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition ... in such suit in such State court.... It shall then be the duty of the State court to accept said petition and bond and proceed no further in such-suit.”
Farm Credit Bank of St. Paul v. Rub, 481 N.W.2d 451, 455 n. 4 (N.D.1992) (discussing 28 U.S.C. § 72 (1946)) (emphasis added).' Under the 1946 statute, “if the facts stated in a petition were insufficient for removal, the state court could ignore the petition and any action by the state court while the removal was pending in federal court was valid if the federal court subsequently remanded the case.” Id. at 455-56 (citing Metro. Cas. Ins. Co. v. Stevens, 312 U.S. 563, 61 S.Ct. 715, 85 L.Ed. 1044 (1941)).[3] But replacing the earlier version of the removal statute changed the rule.
*1278 The Hopson court analyzed the effect under the new removal statute of giving notice of the filing of a verified petition for removal, explaining:
By providing in Section 1446 that taking such procedural steps effects the removal of the cause to the Federal Court, which is not found in the earlier Act, Congress has thereby expressly effected the removal of the cause to the Federal Court irrespective of the ultimate determination of the question as to whether or not it is removable; it is not thereafter in the State court for any purpose until and unless the cause is remanded; for that reason the State court is expressly prohibited from proceeding further until and unless it is so remanded; under Sec. 72 the removal was never accomplished unless it was a cause removable; under the present Act removal is accomplished and jurisdiction attaches in the Federal Court even though it may be subsequently determined that it should be and is thereafter remanded. Removability is no longer a criterion which gives or denies validity to the proceedings in the State court while a petition for removal to the Federal Court is pending; any such proceedings in the State court under the present act are not sanctioned; they are prohibited. Apparently to overcome the endless and multiple litigation and resulting severe hardships which arose under Section 72 as construed, the amendment was prompted not only for the purpose of removing from the State court the authority in any event to pass upon the question of removability but also for the purpose of effectuating the removal by following all the statutory steps as effectively as if the cause had originally been filed in the Federal Court, thus voiding any further proceedings in the State court until and unless the cause is remanded.
We hold that under 28 U.S.C.A. § 1446, a case is removed from the jurisdiction of the State court upon a compliance with the procedural steps therein set forth for all purposes until and unless it is subsequently remanded to such State court; that until and unless the case is remanded no valid proceedings can be taken in the State court at any time following the filing of such petition and bond and giving notice thereof to all adverse parties and filing a copy of the petition with the Clerk of the State court; furthermore, that any action so taken in the State court thereafter and prior to remanding the cause to such State court, will have no force or effect.
233 P.2d at 802 (emphasis added). The Hopson court held that a state court order entering a default against a defendant who had filed a petition for removal was void, and had been properly vacated. Id. at 799-800, 802.
Since 1948, Congress has amended 28 U.S.C. § 1446 nine times. In 1988, subsection (a) was amended directing state court defendants to file merely a “notice of removal” rather than a “verified petition,” in order to effect removal to federal court. Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, § 1016(b)(1), 102 Stat. 4642; see Standridge v. Wal-Mart Stores, Inc., 945 F.Supp. 252, 254 (N.D.Ga.1996) (discussing this amendment). In 1991, this change was fully implemented “by striking ‘petition for’ each place it appears and inserting ‘notice of,’ ” and “by striking ‘petition’ each place it appears and inserting ‘notice.’” Judicial *1279 Improvements, Pub.L. No. 102-198, § 10(a)(1), (4), 105 Stat. 1623. ■
The language in subsection (d)[4] on which the Hopson court relied — providing that filing a copy of the notice of removal “shall effect the removal and the State court shall proceed no further unless and until the case is remanded” — has been unchanged since 1948. The state court from which the case is removed is not itself involved in a removal proceeding. See Heilman v. Fla. Dep’t of Revenue, 727 So.2d 958, 960 (Fla. 4th DCA 1998). Under 28 U.S.C. § 1446 as it exists today, moreover, “removal does not require permission or an order by the federal court, nor can a federal court ‘grant’ or ‘deny’ removal since removal is automatic. Removal can be contested, however, by a motion to remand.” Standridge, 945 F.Supp. at 254. Substituting “notice” for “petition” in 1988 and again in 1991 underscores Congress’ intent that removal (and divestment of state court jurisdiction) be effective immediately upon the defendant’s filing of a notice of removal in federal court, providing written notice to adverse parties,- and filing a copy of the notice with the clerk of the state court. See 28 U.S.C.A. § 1446(d) (West 2015). “There is all but unanimity[5] on the proposition that amendments to the removal statute in 1948 effectively changed the result in Metropolitan Casualty so that a state court adjudication, while a removal petition is pending in federal court, is void, even if the federal court subsequently determines that the case is not removable.” Rub, 481 N.W.2d at 456. Contrary to the nearly unanimous view across the country, only two non-Florida “courts[6] have concluded that, un *1280 der current law,.# state court decision, while a removal petition is pending in federal court, is not void if the federal court subsequently determines the case is not removable.” Id. ■ ■
Relying on dicta[7] in Wilson v. Sandstrom, 317 So.2d 732. (Fla.1975), Wells Fargo argues the state court’s entry of final judgment was not void because the Musas’ removal was improper: The Musas filed the notice of removal outside the 30-day window- set forth in 28 U.S.C.A. § 1446(b)(1) (West 2015),[8], waiting until the day before the scheduled non-jury trial “to finally attempt to remove th[e] action, in a blatant effort to' delay [Wells Fargo’s] prosecution of its claim.”[9]
In Wilson, the Florida Supreme Court discussed “‘the, effect of a petition for removal on subsequent proceedings in the state court,’” 317 So.2d at 740 (quoting Metropolitan Casualty, 312 U.S. at 566, 61 *1281 S.Ct. 715), where the operator of a greyhound .race track initiated an action in state circuit court against the dogs’ owners and a kennel owners’ association (owners), “seeking a temporary and permanent mandatory injunction requiring the defendants to comply with contracts for furnishing greyhounds to the race track.” Id. at 734. The state court (DuVal, J.) issued a temporary injunction against the owners and set the final hearing for a later date. Id. at 735. On the day scheduled for final hearing, the owners “appeared and announced that a petition for removal to the Federal court had been filed.” ■ Id. Later that eve-, ning, at 5:55, the federal court remanded the case to state court on its own motion. Id. The state court then entered an order granting the temporary mandatory injunction at 6:10 that same evening. Id. When the owners refused to comply with the injunction, they were found in contempt and jailed. Id.
On appeal from the order granting the injunction, the owners in Wilson argued, among other things, that “the attempted Federal removal ousted the trial court of jurisdiction and the order granting the mandatory injunction ... was erroneous.” Id. at 740. The supreme court disagreed, noting that the state court did not enter the injunction until “after the cause had been remanded,” id. at 741, by which time the trial court had resumed jurisdiction. Id. Relying on Metropolitan Casualty, (while acknowledging “that case proceeded under an earlier version of the removal law”), the Wilson court (citing authority applying the earlier, superseded version of the removal statute) did say in obiter dicta, “When removal is shown to be improper the.State court’s actions are not void.” Id. at 740 (citing F & L Drug Corp. v. Am. Cent. Ins. Co., 200 F.Supp. 718 (D.Conn.1961)).
In thé wake- of Wilson, -however, Florida’s district courts of appeal have continued to hold that “[ajfter removal, the jurisdiction of the state court ceases until the case is remanded to state court, and any state court proceedings on the case after removal but prior to remand are void ab initio.” Remova Pool Fence Co. v. Roth, 647 So.2d 1022, 1024 (Fla. 4th DCA 1994) (concluding a state court’s order awarding attorney’s fees, “which was entered prior to remand,” was void);[10] see Gunning v. Brophy, 746 So.2d 468, 468 (Fla. 2d DCA 1997) (“The removal to Federal court divested the state circuit court of jurisdiction. The state court’s order dated February 27, 1997 [after removal but prior-to remand], was void ab initio.” (citation omitted)); Preston, 627 So.2d at 1324 (“There was no order of remand in this case. Consequently the trial court- could not resume jurisdiction of the removed action.”).
In distinguishing successive removals[11] from the removal in Remova Pool, the Heilman court cited the Florida Supreme Court’s decision in Wilson for the proposition that “when removal is shown to' be improper, the state court’s actions are not void.” 727 So.2d at 959. The Heilman *1282 court further concluded that “not all state actions are void before a federal court remand” because:
Congress did not intend to provide a defendant with a means of halting a lengthy trial just before the case is to [be] given to the jury, especially if the attempted removal is frivolous, doubtful, in bad faith, or otherwise improper. We also agree ... that as a matter of policy, any contrary result would “impose an onerous burden on both the federal and state judicial systems, promote a great waste of state resources, and oppress hapless removal-related litigants by subjecting them to distressing losses of time and money.”
Id. at 960 (quoting Bell v. Burlington N. R.R. Co., 738 P.2d 949, 954 (Okla.Civ.App.1986)). Accordingly, the Fourth District adopted what it deemed to be a “narrow exception” to the “general ‘void’ rule” so
that “in cases involving multiple filings of removal petitions, a state court [would] retain[ ] jurisdiction to act when the federal court subsequently denies a removal petition which is based on the same grounds as a previously denied removal petition.” Id. (citing Rub, 481 N.W.2d at 457). The court remanded for the lower court to determine “whether [Heilman’s] third petition presented an alternative ‘col-orable claim’ for removal.” Id. at 961. Multiple filings, unlike the situation in the present case, may entail a binding decision on jurisdiction that no court — state or federal — is free to revisit as a matter of res judicata. See generally Farm Credit Bank of St. Paul v. Ziebarth, 485 N.W.2d 788, 791 (N.D.1992).
Although both Heilman and Hunnewell v. Palm Beach County, 786 So.2d 4 (Fla. 4th DCA 2000),[12] attempted to distinguish *1283 the Eleventh Circuit’s decision in Maseda v. Honda Motor Co., Ltd., 861 F.2d 1248 (11th Cir.1988), on grounds Maseda did not involve an improper removal, the Maseda decision categorically rejects the notion cases “improperly removed” should be excepted from the general rule that a state court’s actions are void after removal of a case and prior to remand. 861 F.2d at 1264 n. 11. The Maseda court said:
Since Steamship Co.[ v. Tugman, 106 U.S. 118, 1 S.Ct. 58, 27 L.Ed. 87 (1882)] was decided, the removal statute 28 U.S.C. § 1446 was amended. Under the amendment, the filing of a removal petition terminates the state court’s jurisdiction until the case is remanded, even in a case improperly removed. Lowe v. Jacobs, 243 F.2d 432, 433 (5th Cir.), cert. denied, 355 U.S. 842, 78 S.Ct. 65, 2 L.Ed.2d 52 (1957). Thereafter, it is the federal district court’s duty to determine whether to remand due to lack of subject matter jurisdiction. Id. This is contrary to the former rule where the case must have been properly removed to end the state court’s jurisdiction. Id.
Id. (emphasis added); see Lewis v. C.J. Langenfelder & Son, Jr., Inc., 266 Va. 513, 587 S.E.2d 697, 700-01 (2003) (“‘After compliance with the removal statute[,]’ .... ‘[a]ny subsequent proceedings in state court on the case are void ab initio.’ A later determination that the removal petition was not proper does not change that outcome.” (citations omitted)); see also In re Wellington Resources Corp., 20 B.R. 64, 71 (Bankr.N.D.Texas 1982) (“[T]here is little doubt that a removal, even including an improper removal, deprives the state court of further jurisdiction in the proceeding.”).
While recognizing the potential for abuse frivolous removals may cause, courts have nonetheless held (at least outside the Fourth District) that “any proceedings in the state court after the filing of the petition and prior to a federal remand order are absolutely void, despite subsequent determination that the removal petition was ineffective.”' South Carolina v. Moore, 447 F.2d 1067, 1073 (4th Cir.1971); see United States ex rel. Echevarria v. Silberglitt, 441 F.2d 225, 227 (2d Cir.1971) (“ ‘The state court is deprived of jurisdiction to proceed with the removed action unless and until the case is remanded, irrespective of whether the action is removable.’ ” (citation omitted)). The court in Moore stated:
It has been argued appealingly that continuing proceedings in the state court should be held voidable rather than void and validated if the case is subsequently remanded to the state court. Such a holding, indeed, would be a deterrent to the filing of frivolous, removal petitions at the last minute for the purpose of *1284 delaying or disrupting judicial proceedings in a state court. The explicit language of the statute and its uniform construction, however, convince us that the argument must be rejected.
447 F.2d at 1072 (emphasis added); see People v. Martin-Trigona, 28 Ill.App.3d 605, 328 N.E.2d 362, 363-64 (1975) (‘We also agree [with Moore] that the explicit language of the statute and its uniform construction preclude any other interpretation. The statute says, ‘The State court shall proceed no further unless and until the case is remanded,’ More specific and precise language would be hard to imagine.”). Removal under 28 U.S.C. §. 1446 is “no longer dependent upon any judicial act in any state or federal court. The new procedure effectively reversed the premise underlying the Rives-Metropolitan rule.” Moore, 447 F.2d at 1073.
After a notice of removal is filed in federal court, notice thereof is given to adverse parties, and a copy of the notice of removal is filed in state court, removal is effected and “the State court shall proceed no further unless and until the case is remanded.” 28 U.S.C.A. § 1446(d) (West 2015). As a court of the United States, we must, under the Supremacy Clause, give force to the express language of 28 U.S.C.A. § 1446 (West 2015). We hold the final judgment entered by the court below after’ removal of the cáse to federal court (and prior to remand) is void because the circuit court no longer had jurisdiction. While the jurisdictional consequences of removal are clear, we do not condone frivolous or bad faith filings of notices of removal, nor in any way limit the circuit court’s inherent authority to sanction such conduct (once it regains jurisdiction), if the removal was effected on frivolous grounds.
Reversed.
OSTERHAUS, J., concurs; BILBREY, J., concurs with opinion.

. As grounds for removal, the Musas alleged the federal court had federal question jurisdiction because the case involved disputes under the "Fair Debt Collection Practices Act and the Fair Credit Reporting Act." They did not address the timeliness of the notice. See 28 U.S.C.A. § 1446(b)(1) (West 2013).

. In April of 2012, Wells Fargo filed an amended complaint. Through counsel, the Musas filed an answer to the amended complaint in April of 2013. After their counsel withdrew, the Musas filed a pro se motion for summary judgment in June of 2014. The circuit court set a hearing on the motion (and for final disposition of the case) for February 11,2015.

. In Metropolitan Casualty Insurance Co. v. Stevens, 312 U.S. 563, 61 S.Ct. 715, 85 L.Ed. 1044 (1941), the issue before the United States Supreme Court was "the effect of a petition for removal on subsequent proceedings in the state court.” Id. at 566, 61 S.Ct. 715. After Metropolitan filed a petition for removal in state court, the state court subsequently entered Metropolitan's default for failure to appear. Id. at 564, 61 S.Ct. 715. When the federal court remanded the case to the state court, the state court entered a default judgment against Metropolitan. Id. at 564-65, 61 S.Ct. 715. Applying 28 U.S.C. § 71 (a companion removal statute), the Metropolitan Casualty Court concluded the state court had jurisdiction even after the petition for removal was filed because, as the federal court eventually decided,' the suit was not removable. Id. at 568-69, 61 S.Ct. 715. The Court further declared: “The rule that proceedings in the state court subsequent to the petition for removal are valid if the suit was not in fact removable is thé logical corollary of the proposition that such proceedings are void if the cause was removable.” Id. at 566, 61 S.Ct. 715 (citing Virginia v. Rives, 100 U.S. 313, 25 L.Ed. 667 (1879)).
*1278 In Rives, the Court stated that "when an application to remove a cause (removable) is made in proper form, and no objection is made ... ‘it is the duty of the State court to "proceed no further in the cause.” ’ ” 100 U.S. at 317 (citations omitted).

. In the 1988 amendment, the former subsection (e) was redesignated as subsection (d). Judicial Improvements and Access to Justice Act, Pub.L. No. 100-702, § 1016(b)(3), 102 Stat. 4642.

. See, e.g., In re Diet Drugs, 282 F.3d 220, 231-32, 231 n. 6 (3d Cir.2002); Resolution Tr. Corp. v. Bayside Developers, 43 F.3d 1230, 1238-39 (9th Cir.1994), as amended (Jan. 20, 1995); Maseda v. Honda Motor Co., Ltd., 861 F.2d 1248, 1254-55, 1254 n. 11 (11th Cir.1988); Hyde Park Partners, L.P. v. Connolly, 839 F.2d 837, 841-42 (1st Cir.1988); South Carolina v. Moore, 447 F.2d 1067, 1073 (4th Cir.1971); United States ex rel. Echevarria v. Silberglitt, 441 F.2d 225, 227 (2d Cir.1971); Lowe v. Jacobs, 243 F.2d 432, 433 (5th Cir.1957); Harris v. State, 41 Ark.App. 207, 850 S.W.2d 41, 43 (1993); DB50 2007-1 Tr. v. Dixon, 314 Ga.App. 194, 723 S,E.2d 495, 496-97 (2012) (citing Allen v. Hatchett, 91 Ga.App. 571, 86 S.E.2d 662, 663-66 (1955)); People v. Martin-Trigona, 28 Ill.App.3d 605, 328 N.E.2d 362, 363-64 (1975); State ex rel. Allis-Chalmers Mfg. Co. v. Boone Circuit Court, 227 Ind. 327, 86 N.E.2d 74, 78 (1949); State ex rel. Gremillion v. NAACP, 90 So.2d 884, 886-87 (La.App. 1 Cir.1956); Garden Homes, Inc. v. Dist. Court of Somerville, 336 Mass. 432, 146 N.E.2d 372, 373-74 (1957); Bean v. Clark, 226 Miss. 892, 85 So.2d 588, 589-90 (1956); Turner v. Healthcare Servs. Grp., Inc., 156 S.W.3d 431, 433 (Mo.Ct.App. 2005); State v. Francis, 261 N.C. 358, 134 S.E.2d 681, 682 (1964); Cavanagh v. Cavanagh, 119 R.I. 479, 380 A.2d 964, 967 (1977); Davis v. Davis, 267 S.C. 508, 229 S.E.2d 847, 848 (1976); Consol. Underwriters v. McCauley, 320 S.W.2d 60, 61-62 (Tex.Civ.App.1959); Lewis v. C.J. Langenfelder & Son, Jr., Inc., 266 Va. 513, 587 S.E.2d 697, 700-01 (2003); In re Reynolds, 58 Wis.2d 424, 206 N.W.2d 428, 429 (1973); Garber v. United Mine Workers of Am., 524 P.2d 578, 580 (Wyo.1974); see also Michael J. Kaplan, Annotation, Effect, on Jurisdiction of State Court, of 28 U.S.C.A. § 1446[(d)], Relating to Removal of Civil Case to Federal Court, 38 A.L.R. Fed. 824, § 3[a] (Originally published in 1978) ("It has been established that, generally, a state court is without jurisdiction to proceed in a matter once that matter has been removed to federal court.”).

.At least in limited circumstances. See Farm Credit Bank of St. Paul v. Ziebarth, 485 N.W.2d 788, 791 (N.D.1992) ("[A] state court retains jurisdiction to act when the federal court subsequently denies a removal petition which is based on the same ground as a previously denied removal petition..”). The *1280 present case does not involve a subsequent removal petition based on the same ground as a previously denied petition, making the jurisdictional question res judicata. See id. (noting that a "federal court remand of the defendants’ first petition for removal was res judi-cata with respect to a second petition for removal where there was no change whatsoever in the matter arid proceeding which the defendants had initially attempted to remove” (discussing Ralphs Grocery Co. v. Meat Cutters Union Local No. 421, 379 F.Supp. 281 (C.D.Cal.1973))); see also People v. Wynn, 73 Mich.App. 713, 253 N.W.2d 123, 126 (1977) (holding state court "was without jurisdiction when it conducted the defendant’s trial” after the filing of a removal petition, but stating it "would have reached a different result” if defendant’s second removal petition had "been directed at the identical claim” as the first petition). The Oklahoma court's interpretation of 28 U.S.C. § 1446, stands alone. See Bell v. Burlington N. R.R. Co., 738 P.2d 949, 954 (01da.Civ.App,1986) (“We are of the opinion the new statute did not intend to and in fact did not alter the Metropolitan rationale or implications.”).

.In addition to the Florida Supreme Court in Wilson v. Sandstrom, 317 So.2d 732, 740 (Fla.1975), the Georgia Supreme Court has stated in dicta that actions taken by a state court after removal and prior to remand are not necessarily void. Styers v. Pico, Inc., 236 Ga. 258, 223 S.E.2d 656, 657-58 (1976) (stating the only exception to the voidness rule is "when a case is subsequently shown not to . have been removable,” despite also finding the state court lacked jurisdiction), not followed as dicta in Dixon, 723 S.E.2d at 496 ("Such dicta does 'not ... control the judg- . ment in a subsequent suit when the very point is presented for adjudication.’ ” (citation omitted)),

. - Title 28 U.S.C.A. § 1446(b)(1) (West 2015) provides:
The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

. "However, while it is often stated that the time limits prescribed in § 1446 are mandatory and must be strictly construed, meeting the time requirements is not jurisdictional and is not a prerequisite to removal being ‘effected.’ ” Harris, 850 S.W.2d at 43. "Only a federal court may determine whether a case has been improperly removed.” Lewis, 587 S.E.2d at 700; see Allis-Chalmers Mfg. Co., 86 N.E.2d at 78 (stating that a state court is "bound by the federal statute on removal” and "has no jurisdiction to finally determine whether or not the case was in fact removable”); Gremillion, 90 So.2d at 887 (" ‘The question whether a civil action is remova[ble] and has been properly removed is one for the .consideration of the federal court and is not controlled by State law.’ ‘Questions of law as well as issues of fact raised upon a petition for removal must be tried and determined by the Federal Court,’ ” (citations omitted)); see also Safeco Ins. Co. of Ill. v. Rader, 132 So.3d 941, 944 (Fla. 1st DCA 2014) (noting it was the federal court that "denied the removal and remanded the case to the state court, finding the removal was untimely”)..

. The Fourth District, however, has since distinguished its own decision in Remova Pool Fence Co. v. Roth, 647 So.2d 1022 (Fla. 4th DCA 1994), and ruled it inapplicable to ”case[s] of improper removal.” Hunnewell v. Palm Beach Cty., 786 So.2d 4, 5 (Fla. 4th DCA 2000); Heilman v. Fla. Dep’t of Revenue, 727 So.2d 958, 959 (Fla. 4th DCA 1998) ("Remova Pool [ ] did not involve a claim of an improper or successive removal petition.”).

. In Heilman, the appellant filed ’his third notice of removal seeking to remove a child support enforcement action to federal court just three hours before the contempt hearing was scheduled to be heard in state court. The state court proceeded with the contempt hearing, arguably a separate and distinct proceeding, while his notice of removal was pending in federal court, and if held the appellant in contempt. 727 So.2d at 959.

. Following its decision in Heilman, the Fourth District addressed the same issue again in Hunnewell, where it denied a petition for writ of certiorari seeking review of a "circuit court’s appellate decision entered while a notice of removal to federal court was pending.” 786 So.2d at 4. The Hunnewell court rejected the petitioner’s argument that the circuit court's decision was void on the ground that "the removal to federal court was improper.” Id. (citing the dicta from Wilson saying " ‘[wjhen removal is shown to be improper the State court’s actions are not void.’ ”). In so holding, the Hunnewell court noted:
In the instant case, the removal petition was filed three days before the oral argument on appeal to the circuit court of the county court action, and the federal court lacked jurisdiction to take it up. The court remanded the case to the circuit court several days after the appellate decision was rendered, finding no legal basis for the exercise of federal jurisdiction.
Id. The majority opinion in Hunnewell distinguished "this case of improper removal” from the proper removals in Remova Pool and Maseda v. Honda Motor Co., 861 F.2d 1248 (11th Cir.1988). Id. at 5 ("[I]n both cases [Remova Pool and Maseda] removal was proper, even though the federal court ultimately remanded to the state court.”).
In his dissenting opinion, Judge Stone said he interpreted the supreme court’s decision in Wilson differently:
I do not read Wilson as granting trial courts carte blanche to continue to act, notwithstanding suspension of state jurisdiction during pendency of the district court petition, thereby requiring the petitioning party to actively participate in the final state court proceedings while the removal petition remains under active consideration. In my judgment, the emphasis that the Wilson opinion places on the nature of the issue (violation of a temporary injunction) and the timing of the federal and state court actions (the cause was remanded at 5:55 and the injunction entered at 6:10) indicates that the supreme court did not intend to validate all final action taken by trial courts while jurisdiction was suspended pending the removal decision.
Id. at 5.
On motion for rehearing, the Hunnewell court "acknowledge^] that across the country there is a split of authority as to whether state court action is void after the filing of a notice of removal.” Id. Nevertheless, the ma *1283 jority opinion declared: “[!]£ on the face of the petition absolutely no colorable claim for removal is made, then the state court need not recognize the removal.” Id. at 6. Given Hunnewell sought to remove his appeal in state circuit court (once all the briefs were filed) on the basis of alleged unfairness in the state court proceedings, the Fourth District concluded "there [wa]s absolutely no color-able claim that an appeal from a final judgment may be removed to federal court at any time and certainly not on the grounds alleged.” Id. Accordingly, the Hunnewell court denied rehearing and certified conflict with Gunning v. Brophy, 746 So.2d 468 (Fla. 2d DCA 1997), and Maidman v. Jomar Hotel Corp., 384 So.2d 728 (Fla. 3d DCA 1980). Id. The supreme court denied review in Hunnewell v. Palm Beach County, 817 So.2d 847 (Fla.2002).
We decline to follow the Fourth District in adopting an exception to the "general rule that state court action is ‘void’ after the [notice of] removal ... is filed,” Hunnewell, 786 So.2d at 5, especially when the exception is founded on dicta from (and a misreading of) Wilson. See Hunnewell, 786 So.2d at 5 (Stone, J., dissenting).