IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


DUANE COLE AND SUSAN PERKINS,

      Appellants,

 v.                                                                     Case No.  5D15-2118

WELLS FARGO BANK NATIONAL
ASSOCIATION, ETC., ET AL.,

      Appellees.

_____/

Opinion filed  September 23, 2016

Appeal from the Circuit Court
for Hernando County,
Donald E. Scaglione, Judge.

Duane Cole and Susan Perkins, Spring Hill,
pro se.

Kimberly S. Mello and Laura Bassini, of
Greenberg Traurig, P.A., Tampa, and
Patrick G. Broderick, Greenberg Traurig,
P.A., West Palm Beach, for Appellee, Wells
Fargo Bank National Association as
Trustee for Soundview Home Loan Trust
2007-OPTS, Asset-Backed Certificates,
Series 2007-OPTS.

No Appearance for other Appellee.

PER CURIAM.

      Duane Cole and Susan Perkins appeal the final judgment of foreclosure entered

against them in favor of Wells Fargo Bank, National Association as Trustee for Soundview

Home Loan Trust 2007-OPTS, Asset-Backed Certificates, Series 2007-OPTS ("Wells Fargo"). Because the trial court rendered the final judgment after the filing of a notice of removal to federal court and before the federal court remanded the case back to the trial court, the trial court lacked jurisdiction to enter the final judgment.[1] See Musa v. Wells Fargo Del. Tr. Co., 181 So. 3d 1275, 1284 (Fla. 1st DCA 2015) ("We hold the final judgment entered by the court below after removal of the case to federal court (and prior to remand) is void because the circuit court no longer had jurisdiction."); Preston v. Allstate Ins. Co., 627 So. 2d 1322, 1324 (Fla. 3d DCA 1993) (concluding that the filing of a notice of removal divests the state court of jurisdiction until the federal court enters an order of remand); see also Maseda v. Honda Motor Co., 861 F.2d 1248, 1254-55 (11th Cir. 1988) ("[A]fter removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case. Any subsequent proceedings in state court on the case are void *ab initio*." (footnote omitted) (citations omitted)). But see Perez v. Fed. Nat'l Mortg. Ass'n, 41 Fla. L. Weekly D1445 (Fla. 5th

---

[1] Wells Fargo argues that the actions of the trial court after removal are not void because the case was, in fact, not removable. See Wilson v. Sandstrom, 317 So. 2d 732, 740-41 (Fla. 1975) (citing Metro. Cas. Ins. Co. v. Stevens, 312 U.S. 563, 566 (1941)). However, the current version of the removal statute states that after removal "[t]he State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d) (2015). The holdings in Wilson and Metropolitan Casualty were based on a version of the removal statute that was repealed in 1948, which expressly permitted state courts to ignore notices of removal that were legally insufficient. See 28 U.S.C. § 72 (1946); Musa v. Wells Fargo Del. Tr. Co., 181 So. 3d 1275, 1277-78 (Fla. 1st DCA 2015) (citing Farm Credit Bank of St. Paul v. Rub, 481 N.W.2d 451, 455-56 (N.D. 1992)). "There is all but unanimity on the proposition that amendments to the removal statute in 1948 effectively changed the result in Metropolitan Casualty so that a state court adjudication, while a removal petition is pending in federal court, is void, even if the federal court subsequently determines that the case is not removable." Musa, 181 So. 3d at 1279 (footnote admitted) (quoting Rub, 481 N.W.2d at 455-56).

2

DCA June 17, 2016) (recognizing exception where a state court retains jurisdiction to act when there are multiple filings of removal petitions and the federal court subsequently denies a removal petition asserting the same grounds as previously denied petition (citing Heilman v. Dep't of Rev., 727 So. 2d 958, 960 (Fla. 4th DCA 1998))).  Accordingly, we reverse.[2]

    REVERSED.

EVANDER, BERGER and WALLIS, JJ., concur.

---

[2] We note, with approval, Judge Bilbrey's concurring opinion in Musa cautioning defendants of the potential consequences of removing a case to federal court as a delay tactic.  181 So. 3d at 1284 ("[U]pon remand, the state court can assess sanctions for fraud on the court.  While a variety of sanctions are available to the state court upon remand following an improper removal, '[t]he striking of a party's pleadings "has long been an available and often favored remedy for a party's misconduct in the litigation process.'" (citing Empire World Towers, LLC v. CDR Créances, S.A.S., 89 So. 3d 1034, 1038 (Fla. 3d DCA 2012))).