# Third District Court of Appeal

## State of Florida

Opinion filed October 17, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1778
Lower Tribunal No. 15-15587
_____


**Ricardo Garcia,**
Appellant,

vs.

**Deutsche Bank National Trust Company, etc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Ricardo Garcia, in proper person.

DeLuca Law Group, PLLC, and Shawn Taylor (Fort Lauderdale), for appellee.


Before EMAS, FERNANDEZ and SCALES, JJ.

SCALES, J.

Appellant Ricardo Garcia appeals a Final Judgment of Mortgage Foreclosure in favor of appellee Deutsche Bank National Trust Company. We reverse because the case below was removed to federal court one day before the trial court entered the final judgment; thus, the trial court lacked jurisdiction to enter the judgment.

After the Bank sued Garcia to foreclose a mortgage, a tenant of Garcia filed a cross-complaint against Garcia in the foreclosure action, alleging that Garcia and his wife violated the federal Truth in Lending Act by representing that the subject mortgage had been rescinded. The tenant asserted in the cross-complaint that this misrepresentation entitled the tenant to remain in the property. On July 10, 2017, this cross-complainant filed a notice of removal of the entire foreclosure action to federal court.[1] The following day, on July 11, 2017, the trial court entered the final foreclosure judgment. The United States District Court remanded the case back to the circuit court on July 19, 2017.

State court jurisdiction ceases upon removal of a case to federal court and any pre-remand proceedings occurring in the state court after the case has been removed are void. Musa v. Wells Fargo Del. Tr. Co., 181 So. 3d 1275, 1277 (Fla.

---

[1] This was the second time during the pendency of the foreclosure litigation that this tactic was employed. On January 20, 2017, a different tenant of Garcia filed an identical cross-complaint and sought removal of the entire case to federal court. The United States District Court remanded the case back to the circuit court on February 24, 2017.

1st DCA 2015) (citing <u>Maseda v. Honda Motor Co.</u>, 861 F. 2d 1248 (11th Cir. 1988)). In a detailed review of the law in this area, the First District concluded that even an improper removal to federal court, or a removal for improper motives, will not preserve state court jurisdiction. <u>Id.</u> at 1280-84; <u>see also</u> <u>Cole v. Wells Fargo Bank Nat'l Ass'n</u>, 201 So. 3d 749, 750 (Fla. 5th DCA 2016).[2]

Because the trial court lacked jurisdiction to enter the final judgment, we are compelled to reverse the final judgment and remand for proceedings consistent with this opinion.

Reversed and remanded.

---

[2] As the First District pointed out, a frivolous or bad faith removal to federal court may implicate the trial court's "authority to sanction such conduct (once it regains jurisdiction)." <u>Musa</u>, 181 So. 3d at 1284.